HURST v. WESTERN AND ATLANTIC RAILROAD COMPANY.

Under the act of March 2, 1867 (14 Stat. 558), a suit pending in a State court, between a citizen of the State in which the suit was brought and a citizen of another State, could not, on the application of the former, be removed to a circuit court of the United States.

ERROR to the Circuit Court of the United States for the Eastern District of Tennessee.

Hurst, the plaintiff in error, a citizen of Tennessee, sued the Western and Atlantic Railroad Company, a corporation of Georgia, in the law court of Chattanooga, Tenn., at its October Term, 1866.   The cause was tried at the February Term, 1868, of that court, and resulted in a judgment in favor of Hurst.   The Supreme Court of the State, at its October Term, 1869, reversed this judgment, and sent the cause back for a new trial.   At the June Term, 1870, of the law court, the July Term, 1871, and the March Term, 1872, trials were had, in which the juries disagreed.   At the July Term, 1872, after trial, another judgment was rendered in favor of Hurst.   This judgment, too, the Supreme Court reversed, at its September Term, 1872, and the cause was again remanded for trial. Nov. 12, 1873, Hurst applied to the law court for a removal of the cause to the Circuit Court of the United States for that district, under the act of March 2, 1867.   14 Stat. 558. Upon this application the cause was removed; but the Circuit Court, when it came there, refused to take jurisdiction, and remanded it to the State court.

This action of the Circuit Court is assigned here for error.

*Mr. Henry Cooper* for the plaintiff in error.

*Mr. John Baxter, contra.*

Mr. Chief Justice Waite delivered the opinion of the court.

The act of March 2, 1867, provided, in substance, that where a suit was pending in a State court, between a citizen of the State in which the suit was brought and a citizen of another State, and the matter in dispute exceeded the sum of $500, *such citizen of another State,* whether plaintiff or defendant, if he made and filed in such State court an affidavit, stating " that he has reason to and does believe that, from prejudice or local influence, he will not be able to obtain justice in such State court," might have the cause removed to the Circuit Court of the United States. Here the suit was brought in a court of the State of Tennessee, by a citizen of that State, against a citizen of the State of Georgia. Under the statute, the party who was a citizen of Tennessee could not have the cause removed to the Circuit Court, because he was a citizen of the State in which the suit was brought, and not of " another State ;" but the citizen of Georgia could. In this case, the removal was made upon the application of the party who was a citizen of Tennessee, and, consequently, the Circuit Court properly refused to entertain jurisdiction. *Judgment affirmed.*