# CASES

## ARGUED AND DETERMINED

#### IN THE

# United States Circuit and District Courts.

---

## DENTON *v.* INTERNATIONAL CO. OF MEXICO.

### (*Circuit Court, S. D. California.* July 30, 1888.)

#### COURTS—FEDERAL CIRCUIT—JURISDICTION—CITIZENSHIP—CORPORATIONS.

Under act Cong. March 3, 1887, providing that the United States circuit courts shall have original cognizance of a controversy between citizens of a state and foreign states, citizens or subjects, but that no civil suit shall be brought before such courts except in the district whereof the defendant is an inhabitant, a citizen of Mexico cannot sue a Connecticut corporation in the United States circuit court for the Southern district of California, although the corporation has an office and managing agent in that district.

At Law. On motion to quash service of summons, and on demurrer to defendant's preliminary answer in the nature of a plea in abatement.

*Stephen M. White, George J. Denis,* and *Max Loewenthal,* for plaintiff, cited *Harold* v. *Mining Co.*, 33 Fed. Rep. 529.

*George Fuller,* for defendant.

Defendant is an inhabitant of the state of Connecticut, and not of the state of California. *Railroad Co.* v. *Koontz*, 104 U. S. 5; *St. Clair* v. *Cox*, 106 U. S. 350, 1 Sup. Ct. Rep. 354; *Railroad Co.* v. *Alabama*, 107 U. S. 581, 2 Sup. Ct. Rep. 432; *Insurance Co* v. *Woodworth*, 111 U. S. 138, 4 Sup. Ct. Rep. 364; *U. S.* v. *Telephone Co.*, 29 Fed. Rep. 17. Plaintiff is a citizen of a foreign state, and is not a citizen of a state, in the sense in which the words are used in the constitution and the judiciary acts. Such citizen of a state must be a citizen of the United States. *Scott* v. *Sandford*, 19 How. 393. A citizen of a state is not a citizen of the United States unless he has the qualifications of the latter by birth or naturalization. *U. S.* v. *Cruikshank*, 92 U. S. 542; *Railroad Co.* v. *Koontz*, 104 U. S. 12. And even a citizen of the United States, who is a citizen of the District of Columbia, (*Hepburn* v. *Ellzey*, 2 Cranch, 445; *Barney* v. *Baltimore City*, 6 Wall. 280,) or of a territory of the United States, (*New Orleans* v. *Winter*, 1 Wheat. 91,) is not a citizen of a state. That the words "citizens of different states," in the proviso relating to the district in which suit may be brought, at the end of section 1 of the act of March 3, 1887, do not comprehend "foreign citizens," (or citizens of "foreign states,") is apparent from the use of both terms in the previous

v.36F.no.1—1

part of the section, which declares in what cases the circuit courts shall have jurisdiction.

Ross, J. This action was commenced in this court. It was brought to recover of defendant a large sum of money, in amount exceeding one million of dollars, for services alleged to have been rendered, and for maps and data alleged to have been furnished, by plaintiff to an alleged Mexican corporation, styled "Luis Huller & Co.," in connection with certain lands in the republic of Mexico, payment for which it is charged was assumed by the defendant. In the complaint it is averred that the plaintiff is a citizen of the republic of Mexico, and a resident of the county of San Diego, state of California; that the defendant is a corporation duly created by the laws of the state of Connecticut; that under and by virtue of its charter it has the power and capacity to buy, receive, hold, and sell lands in any state of the United States, and in any and all parts of the republic of Mexico; and to do any and all acts, and to make any and all contracts, relating or incident to the purchase, sale, or holding of such lands; that defendant has ever since its creation carried on business by virtue and under the authority of and in accordance with its charter; that its principal place of business is in the city of Hartford, state of Connecticut; and that it is "doing business in the state of California, and has an office and managing agent in said state of California, within the county of San Diego." The summons issued in the action was served by the marshal of the district, as appears from the returns indorsed thereon, upon one Charles Scofield, "managing agent of defendant in San Diego county." The defendant has appeared specially and only for the purpose of objecting to any jurisdiction of this court over it; and has, among other things, pleaded that it is a foreign corporation, and that at the time of the commencement of this action, and at the time of the attempted service of process upon it, it had no place of business or agent or officer in this state, or any person authorized to receive service of legal process for it, and that Charles Scofield at the time of service upon him was not, and never was, a managing or other agent or officer of defendant within this state.

Without reference to the question of the sufficiency of the plea as set up in the preliminary answer, I think it sufficiently appears from the complaint itself that this court has no jurisdiction of the defendant in the action. By the act of congress approved March 3, 1887, it is provided—

"That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority; or in which controversy the United States are plaintiffs or petitioners; or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid; or a controversy between citizens of the same state claiming lands under grants of different states; or a controversy between citizens of a state and foreign states, citizens or sub-

jects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid. * * * But no person shall be arrested in one district for trial in another in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant. * * *" 24 U. S. St. 553.

So far as this section relates to the district in which a civil suit in a circuit or district court may be originally brought, its plain meaning, as held by Mr. Justice FIELD, in *Wilson* v. *Telegraph Co.*, 34 Fed. Rep. 561, is this:

"That such suit, where the jurisdiction is founded upon any of the causes mentioned in the section except the citizenship of the parties in different states, must be brought in the district of which the defendant is an inhabitant. But where such jurisdiction is founded solely upon the fact that the parties are citizens of different states, the suit may be brought in the district in which either the plaintiff or the defendant resides."

The present is not a suit between citizens of different states, for the plaintiff is in the complaint alleged to be a citizen of the republic of Mexico, and the defendant to be a citizen of the state of Connecticut. It is therefore a suit between an alien and a citizen of a state, and, as has been seen, can only be brought in the district of which the defendant is an inhabitant. That district, according to the averments of the complaint, is not the Southern district of California, but the district of Connecticut. The fact alleged, that the defendant is carrying on its chartered business within the state of California, and has a managing agent within this judicial district, does not constitute it an inhabitant of this district. As both the charter of defendant and the laws of California permit this to be done, defendant may undoubtedly be sued in the courts of California. The extension of the operations of the corporation, however, beyond the limits of the state of its creation, does not constitute it an inhabitant of every district in which it may do business. It can have but one residence or habitat, and that is the place where its principal business is done. "A corporation," said the supreme court in *Railroad Co.* v. *Koontz*, 104 U. S. 12, "may for the purpose of suit be said to be born where by law it is created and organized, and to reside where, by or under the authority of its charter, its principal office is. A corporation, therefore, created by and organized under the laws of a particular state, and having its principal office there, is, under the constitution and laws, for the purpose of suing and being sued, a citizen of that state, possessing all the rights, and having all the powers, its charter confers. It cannot migrate nor change its residence without the consent, expressed or implied, of its state; but it may transact business wherever its charter allows, unless prohibited by local laws." As the complaint itself shows that defendant at the time of the bringing of this action was not an inhabitant of this judicial district, the summons should be quashed, and the action dismissed; and it is so ordered.