O'Donnell *v.* Atchison, T. & S. F. R. Co.

*(Circuit Court, S. D. Iowa, C. D.* March 3, 1892.)

**1. Removal of Causes—Appearance in State Court—Effect.**
> An appearance in the state court to file a petition and bond for removal does not waive the right to present in the federal court any question of jurisdiction which might have been urged in the state court, and concerning which the federal court has power to act.

**2. Same—Waiver of Defective Service.**
> Where service of notice of commencement of action in the Iowa courts could have been made upon defendant in the district to fill every requirement of the state stat- utes, a general appearance by defendant in the federal court, after removal of the case, is a waiver of any defect of service on him.

**3. Same—Venue—Discretion of Court.**
> Polk county, Iowa, is in the central division of the circuit court for the southern district of Iowa, while Lee county is in the eastern division. Defendant railroad company, sued in the state court in Polk county, had the right, by the Iowa stat-ute, to have the place of trial transferred to Lee county. *Held,* that defendant, by procuring the removal of the cause from the state court, and in filing the tran-script in the central division of this court, was precluded from asserting that the cause was pending in the wrong division, and that it has the right to demand a re-moval to the eastern division.

**4. Same.**
> The fact that defendant is a Kansas corporation, whose railroad touches only Lee county, in Iowa, and that the cause of action did not grow out of nor was it con-nected with any office or agency within the central division, is not sufficient to im-pel to action the discretion of the court to grant a transfer.

At Law. On petition for change of venue and plea to jurisdiction. Overruled.

*Cole, McVey & Cheshire,* for plaintiff.

*G. Lathrop, J. D. M. Hamilton,* and *J. C. Davis,* for defendant.

Woolson, District Judge. This is an action for personal injuries brought into this court on removal from state court. The petition, orig-inally filed in the district court of Polk county, Iowa, states as cause of action that defendant is a Kansas corporation, whose line of operated railway extends through Colorado, Kansas, Iowa, and other states; that in July, 1891, plaintiff's decedent, at Pueblo, Colo., while exercising due care on his part, and while employed by defendant in the operation of its railway, was killed, by reason of the negligence of the defendant. Service of notice was made on defendant by serving notice upon "S. M. Osgood, general agent for the state of Iowa of the defendant, Atchison, Topeka, and Santa Fe Railroad Company, at his office, and the general office of defendant company, in the city of Des Moines, Polk county, Iowa." Upon the first day of the term to which the notice was return-able, defendant filed in said Polk county district court its petition and bond for removal to the federal court, and said court ordered removal accordingly. Upon the day on which the certified pleadings, etc., herein were filed in this court, the attorneys for defendant filed herein in this court a paper entitled "*præcipe* for appearance," the body of which is as follows: "The clerk of said court will please enter our appearance for defendant in the above-entitled action, and docket the same on proper docket,"—which *præcipe* was duly signed by all the attorneys whose

names are given above as appearing for defendant. At the present term of this court, defendant filed its "petition to remove cause to eastern division for trial," and also filed "plea to the jurisdiction." Briefly stated, petition for change of venue alleges, as grounds for removal, that defendant is a Kansas corporation, whose line of railway touches, in Iowa, but one county, viz., Lee county, which county is in the eastern division of the district; that Polk county, in which the suit was brought, is in the central division of the district; that no part of the said road lies within the central division; that the cause of action is shown by plaintiff's petition not to have grown out of nor been connected with any office or agency of defendant within said central division; that this suit was originally brought in the wrong county of the state, and, under the statutes of the state, defendant would have been entitled, on motion in the state court, to have had the action transferred to Lee county for trial. The ground alleged in the plea to the jurisdiction is that the notice of commencement of suit was served upon defendant's agent in Polk county, and the cause of action is shown by plaintiff's petition neither to have grown out of nor been connected with the business of such Polk county office or agency, and no part of defendant's line of railway touches Polk county; and therefore, under the statutes of Iowa, the service of notice was insufficient to give the court jurisdiction of defendant. Plaintiff is resisting both plea and petition, and exhibits in full the removal proceedings.

1. As to the plea of the jurisdiction. Plaintiff contends that the service attacked was regularly and legally made, under the Iowa statutes; but that, if irregularly made, nevertheless the appearance of defendant in this action cures all defects pertaining to the service. Code Iowa, 1873, § 2626, par. 3, provides that an appearance for any purpose connected with the service or insufficiency of the notice shall be taken in the case as the appearance of defendant; and that "an appearance, special or otherwise, to object to the substance or service of the notice, shall render any further notice unnecessary." This Code also provides, as one of the statutory methods in which a defendant may enter his appearance, (paragraph 1, § 2626,) "by delivering to the clerk a memorandum to the effect that the defendant appears, signed either by the defendant in person or by his attorney, dated the day of its delivery, and to be filed in the case." These provisions of the Iowa Code have been formally adopted as the rules of this court. The Iowa courts, in applying these Code provisions, have distinguished between an appearance (1) for the purpose of objecting to the jurisdiction of the court on the ground that the defendant *could* not, by service of notice, be brought into the action, and under the jurisdiction of the court; and an appearance (2) to object to the jurisdiction, on the ground that defendant *had* not, by the service attempted, been brought under such jurisdiction, (whether because of alleged defect in substance of notice or in method or fact of service.) As to the former, the appearance of defendant does not cure defect in jurisdiction. *Spurrier* v. *Wirtner*, 48 Iowa, 486. As to the latter, appearance does cure such defect, which relates, not to the

power of the court to obtain the jurisdiction attempted, but to insufficiency or irregularity in substance or service of notice. The reasoning applied seems to be that, as the sole purpose of the notice is to bring the defendant into court, the notice has accomplished its purpose whenever the defendant comes into court, even though he comes in only to object to the service of the notice as insufficient to compel him to come in. *Bank* v. *Van*, 12 Iowa, 523; *Van Vark* v. *Van Dam*, 14 Iowa, 233; *Childs* v. *Limback*, 30 Iowa, 398.

While contending that service of notice on the Polk county agent was insufficient to give the court jurisdiction over defendant, defendant conceded that, had the same notice been served upon any of defendant's station agents in Lee county, Iowa, such service would have given this court jurisdiction of defendant, (though in another division of the district than that in which the case is now pending.) While plaintiff contends that the service was correctly made, but that, if the service was irregular, yet since, by service in Lee county, this court might have obtained undoubted jurisdiction, the appearance of defendant has waived whatever defect existed in service of notice herein; and plaintiff contends, further, that this is true as to the appearance of defendant in the state court with his petition for removal, and also his appearance in this court by the *præcipe* filed.

As to the first point concerning appearance, it may be admitted that there is some disagreement in the holdings of the courts. But the decided current of decision in the federal courts is that an appearance in the state court to file petition and bond for removal does not waive the right to present in the federal court any question of jurisdiction which might have been urged in the state court, and concerning which the federal court has the power to act. *Atchison* v. *Morris*, 11 Fed. Rep. 585; *Hendrickson* v. *Railroad Co.*, 22 Fed. Rep. 570; *Elgin Canning Co.* v. *Atchison*, *T. & S. F. R. Co.*, 24 Fed. Rep. 868; *Reifsnider* v. *Publishing Co.*, 45 Fed. Rep. 433. This first point, therefore, is not well taken.

The second point is that the *præcipe* for appearance herein is a waiver of any defect of service on defendant. It should be borne in mind that service upon defendant, which should fill every requirement of the Iowa statute, could have been made in this district. Jurisdiction was possible over defendant. No language could make the appearance of defendant more general than that contained in defendant's *præcipe* for appearance; for that language excludes all idea of such appearance being special only. And the conclusion necessarily follows that, in view of the Iowa decisions above noted, the *præcipe* for appearance herein confers upon this court full jurisdiction over defendant in this action, even if service of notice herein should be found insufficient to confer such jurisdiction.

2. As to the motion to change the venue to the eastern division of the district. Had defendant so elected, it is probable that he could, in the state court, have availed himself of the Iowa statute, (section 2589, Code 1873,) and had the venue changed to Lee county. This section provides that a defendant, when sued in the wrong county, may, on proper application, have the cause transferred, at costs of plaintiff, to the county

where defendant could rightfully have been sued; but that, if defendant does not thus apply for and obtain this transfer, the action may rightfully proceed to judgment in the county wherein the suit was brought. The district court of Polk county, with defendant's *præcipe* for appearance filed in this action, might rightfully have proceeded to judgment if defendant did not apply for transfer to Lee county. This must be conceded as the logical force of the Iowa statute. By filing his application to so transfer, the place of trial might, under the statute, have been changed accordingly. Defendant now contends, since Polk county is in the central division and Lee county is in the eastern division of this district, that this right of transfer, which defendant might have exercised under the state statute in the state court, remains to it in the federal court. But counsel do not point us either to any rule of this court, or any provision of federal statute giving this right of transfer as claimed, except section 914, Rev. St., which, in effect, incorporates into the "mode of proceeding" of this court, as it is claimed, this mode of proceeding in the state court. At the threshold of this argument, we encounter the insurmountable fact that this court does not deal with county lines as jurisdictional boundaries; but that the divisions—of which this district has three—are its smallest jurisdictional sections. And the federal statute creating these divisions contains no provision, with reference to removing a cause from one division to another, analogous to the state statute above referred to. Defendant, by electing to remove this cause to this court, thereby deprived himself of whatever right he might have exercised, in the state court, of removal under the state statute.

Defendant further contends that, as neither plaintiff nor defendant is a resident of the central division of this district, defendant has the right to have the cause transferred to the eastern division, in which, and in which alone, in Iowa, lies defendant's road. The petition for removal, filed by defendant in the state court, expressly asks that this cause may be removed into the circuit court of this district, "central division, at Des Moines." Such, under the statute redistricting the state, (section 9, p. 172, 22 St. U. S.,) must have been the effect of an order of removal from the Polk county district court, had not defendant expressly asked such action. While this action was pending in the state court, (if the facts asserted by defendant be conceded to be correctly stated,) defendant might have exercised the right, either (1) to have the place of trial transferred from Polk county to Lee county under the Iowa statute, or (2) to have the action removed from the Polk county district court, to this court in the central division. Defendant elected to exercise the right to remove from the state to the federal court; and the act of defendant in procuring the removal of the cause from the state court, and in filing the transcript in the central division, precludes the defendant from now asserting that the case is now pending in the wrong division, and that it has the right to demand a removal to the eastern division. Unless some sufficient reason is presented to move the discretion of the court in a different direction, this cause should be sent to trial in the division in which, on demand of defendant, it entered this court. The facts pre-

sented by defendant, as bearing on this point of transfer, are not directed to the discretion of the court, nor are they calculated to impel that discretion to action. The petition for a change of venue to the eastern division is therefore overruled. Defendant is ruled to file answer herein within 30 days from the date of filing hereof.