## DUNCAN v. ASSOCIATED PRESS.

### (Circuit Court, S. D. California. May 10, 1897.)

**1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP.**

The restrictions as to the residence of parties contained in section 1 of the act of August 13, 1888, do not apply to jurisdiction by removal; and a suit between citizens of different states, commenced in a state court, may be removed to a federal court, though neither party is a citizen or resident of the state where such suit is commenced.

**2. SAME—TIME FOR REMOVAL.**

The fact that a petition for the removal of a cause from a state to a federal court, which is filed before the time to answer expires, is accompanied or even preceded by a demurrer, does not in any way prejudice or affect the right of removal.

On Motion to Remand.

Blanton Duncan and D. Allen, for plaintiff.

Henry T. Gage and White & Monroe, for defendant.

WELLBORN, District Judge. This action, for the recovery of damages laid in the complaint at $50,000, was brought originally in the superior court of Los Angeles county, Cal. Service of the summons was duly made in the city of San Francisco on the 27th day of June, 1896. On the 24th day of July next following, defendant filed in the state court a demurrer, and also a petition, with bond, for the removal of the suit into the federal court, which bond was approved and petition granted by said state court, and a certificate of the record duly filed in this court. The ground of removal, as set forth in the petition, is as follows, to wit:

"That your petitioner was at the time of the bringing of this suit, and still is, a corporation organized under the laws of the state of Illinois, and a citizen of the state of Illinois, and that said suit and the controversy in said suit is between citizens of different states; that your petitioner was at the time of the commencement of this suit, and still is, a citizen of the state of Illinois; and that plaintiff was at the time of the commencement of this suit, and still is, a citizen of the state of California."

Plaintiff now moves to remand the case to the state court upon the ground, as specified in the motion to remand and accompanying affidavits, that this court is without jurisdiction, because the plaintiff is, and was when the action was commenced, a citizen of the state of Kentucky, and had his residence in the city of Louisville, in said last-named state. Plaintiff urges as a further reason why the case should be remanded that a demurrer to the complaint was filed in the state court before the petition and bond for removal. At the hearing of the motion, evidence was offered by both parties as to the citizenship and residence of plaintiff; that is, whether such citizenship and residence were in California or Kentucky,—defendant insisting upon the former, and plaintiff upon the latter, state. In the view, however, which I now take of the law of the case, it is unnecessary to review this evidence; for plaintiff's residence does not affect the right of removal, and, while I think his citizenship has been shown to be in Kentucky, yet a finding either way on the issue of citizenship would sustain the material allegation of the petition for

removal, namely, "that said suit, and the controversy in said suit, is between citizens of different states," or, to express the situation in other language, the fact that defendant is a citizen and resident of Kentucky, if it be conceded, is no ground for remanding the case. Sections 1 and 2 of the act of congress of August 13, 1888 (1 Supp. Rev. St. U. S. pp. 611, 612), regulating the removal of cases from the state courts, are as follows:

"Section 1. That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid.  *  *  * But no person shall be arrested in one district for trial in another in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.  *  *  *

"Sec. 2. That any suit of a civil nature, at law or in equity, arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district.  Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state.  *  *  *"

It is authoritatively settled that the provisions of section 1 in relation to the particular district in which a suit must be brought do not go to the question of jurisdiction, but only confer upon the defendant a personal privilege or exemption, which may be waived, and that the circuit courts of the United States have jurisdiction, the other requisites being present, whenever there is a controversy between citizens of different states.    Railroad Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982; Ex parte Schollenberger, 96 U. S. 369; Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286.    In the case last cited the court says:

"But the defendant company did not choose to plead that provision of the statute, but entered a general appearance, and joined with the complainant in its prayer for the appointment of a receiver, and thus was brought within the ruling of this court, so frequently made, that the exemption from being sued out of the district of its domicile is a personal privilege, which may be waived, and which is waived by pleading to the merits."

The court then refers to a number of cases in which the doctrine it announced is approved, and proceeds as follows:

"The court below suggested that the present case is distinguishable from the others in which it was held that the right of exemption might be waived, in that neither the plaintiff nor the defendant resided in the district in which

the suit was brought; that is, the Mercantile Trust Company, the plaintiff, had its residence in New York, and the Virginia, Tennessee & Carolina Company, the defendant, was a corporation of New Jersey. But a similar state of facts existed in the case of Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, inasmuch as Shaw, the plaintiff, was a citizen of Massachusetts, and the mining company was a corporation of the state of Michigan, and the suit was brought in the circuit court for the Southern district of New York. Nor do we see any reason for a different conclusion as to the subject of waiver when the question arises where neither of the parties are residents of the district from that reached where the defendant only is such resident."

In a later case the supreme court of the United States, following the principle of the cases above cited, that the jurisdiction of the circuit courts, as defined in section 1, depends upon diverse citizenship, unaffected by the question of the residence of the parties, has expressly held that the provisions of section 2, authorizing removals in cases where the circuit courts of the United States are given jurisdiction by section 1, refer to the first part of section 1, which in terms confers jurisdiction, and not to the clause which prescribes the district in which the suit may be brought. Railroad Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563. Some years before the decision in the case of Railroad Co. v. Davidson, supra, the doctrine therein announced was suggested as probably the true construction of the sections in question in Gavin v. Vance, 33 Fed. 88, as follows:

"Moreover, the primary grant of jurisdiction contained in the first clause of the first section—to which it is possible the removal section refers, rather than to the more restricted clause relating to the locality of the suit—is of the most extensive character, and broad enough to give the court jurisdiction by removal of any suit between citizens of different states brought in a state court, although the locality might not be available for original jurisdiction of the federal court under the subsequent restrictive clauses of the first section. So that the restrictions of locality as to suits originally brought may not apply to the jurisdiction by removal at all. In other words, we must look alone to the restrictions of the removal section for the qualifications of that jurisdiction, and treat those relating to the locality of original suits as wholly inapplicable to the entirely different subject of jurisdiction by removal. Whether this be a proper construction, we need not say, but it is neither impossible nor improbable, nor yet an unreasonable construction."

In Fales v. Railway Co., 32 Fed. 673, Judge Shiras, with great clearness and force, interprets the two sections thus:

"We must not confound the question of federal jurisdiction with that of the place of bringing suit. The first section of the act of 1887 was intended to define the classes of cases of which the United States circuit courts should have original cognizance concurrent with the courts of the several states, and also to define the place or places where such suits might be brought by original process. Two general grounds of federal jurisdiction are recognized in the statute, to wit, subject-matter and diverse citizenship. Cases arising under the constitution, laws, or treaties of the United States, or in which the title of land is involved, claimed under grants from different states, are cognizable in the United States courts by reason of the subject-matter, whereas controversies between citizens of different states, or between citizens of a state and aliens, are cognizable in the federal courts by reason of diverse citizenship. In addition to these general grounds of federal jurisdiction, the statute also includes cases wherein the United States are plaintiffs or petitioners. Having thus defined the classes of cases of which the United States circuit courts have jurisdiction, the section then proceeds to define the place or district within which such suits may be brought by original process; it being declared that no civil suit shall be brought against any person by any original process in any district other than that of which he is an inhabitant, but, where the juris-

diction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district wherein plaintiff or defendant resides. The latter clause of the section cannot be ignored. It is the latest declaration of the legislative will, and, if irreconcilable with the preceding clause, it must be held to control. But it is not necessary to resort to purely technical rules in construing the statute. Force can be given to both clauses of the section by holding that the first one establishes the general rule that, in bringing suits by original process in the United States courts, the same must be brought in the district wherein the defendant resides; and the second clause provides an exception, to wit, that, where the jurisdiction is based solely on diverse citizenship, suit may be brought in the district of the residence of either plaintiff or defendant, but not elsewhere. Whatever may be the true construction of these clauses, they affect, not the question of federal cognizance, but solely the question of the place of bringing suit by original process in cases of federal cognizance. * * * The latter question has nothing to do with the right of removal. The question whether the action might have been brought by original process in any federal court was material, in order to determine whether it was a case of federal cognizance; but, that question being decided in favor of the federal jurisdiction, the question of the proper place or district in which the suit might have been brought by original process is wholly immaterial on the question of removal."

In Kansas City & T. R. Co. v. Interstate Lumber Co., 37 Fed. 3, it is also held that:

"An action pending in a state court may be removed by the defendant to the federal court, though neither party is a resident of the district; the restriction as to the place of bringing suit being in the nature of a personal privilege, which defendant may waive."

Judge Brewer, delivering the opinion of the court, says:

"The same distinction between the general matter of jurisdiction and the particular court for suit and trial is recognized in Fales v. Railway Co., 32 Fed. 673; Gavin v. Vance, 33 Fed. 84; Loomis v. Coal Co., Id. 353. Turning to the second question, we find that the removable suits are those of which, by the first section, the federal courts are given jurisdiction. The language speaks of jurisdiction generally, and of courts in the plural. Any suit is removable of which any federal circuit court might take jurisdiction, and the mere fact that the defendant could have successfully objected to being sued in any one or more particular federal courts does not destroy the general jurisdiction of federal courts, or prevent its removal."

Again, in Railroad Co. v. Meyers, 10 C. C. A. 485, 62 Fed. 372, the same principle is stated as follows:

"The provision that no civil suit shall be brought in a circuit or district court of the United States against any person by any original process or proceeding in any other district than that whereof he is an inhabitant confers an exemption, in the nature of a personal privilege, that may be waived, and has no application where the defendant to a suit in the state court, who is a nonresident of the state, removes the cause into the federal court of that state."

In the case of Stalker v. Car Co., 81 Fed. 989, removed into this court from one of the superior courts of the state on the ground that plaintiff was a British subject and defendant an Illinois corporation, Judge Ross denied a motion to remand, and in his opinion, filed May 1, 1895, uses the following language:

"The plaintiff, a British subject, commenced this suit in one of the superior courts of the state, against a corporation organized and existing under the laws of the state of Illinois, to recover damages in the sum of two thousand dollars for personal injuries. The defendant filed in the superior court a petition and bond for the removal of the cause to this court. The bond was approved,

and an order of transfer entered. * * * The plaintiff moved the court to remand the case to the state court upon the ground that it was improperly brought here. * * * The motion to remand must be denied, under the ruling of the supreme court made in the case of Railroad Co. v. Davidson, 15 Sup. Ct. 563, in which the court held that section 2 of the judiciary act of 1887, as amended by the act of 1888, refers to the first part of section 1 of the same act, by which jurisdiction is conferred on the circuit courts, and not to the clause thereof relating to the district in which suit may be brought, which restriction, as has been repeatedly held, is but a personal privilege of the defendant, and may be waived by him. The necessary result of this ruling is that this court would have had original jurisdiction of the present suit by virtue of the first section of the act of 1887, as corrected by that of 1888, subject to the exercise of the personal privilege conferred upon the defendant by the restrictive clause referred to. * * *"

See, also, Burck v. Taylor, 39 Fed. 581, and First Nat. Bank v. Merchants' Bank, 37 Fed. 657.

The foregoing citations establish, beyond question, that the right of removal does not depend in any way upon the residence of the parties, or, in other words, that the restrictions as to residence do not apply to jurisdiction by removal; and such jurisdiction exists where the parties are citizens of different states, even though neither of them be a citizen of the state where the suit is pending. The cases of Hurst v. Railroad Co., 93 U. S. 71, Insurance Co. v. Francis, 11 Wall. 210, and Society v. Grove, 101 U. S. 610, cited by plaintiff in support of his contention that to authorize a removal one of the parties must be a citizen of the state where suit is brought, are inapplicable here. Each of those cases was based upon the act of March 2, 1867 (14 Stat. 558), afterwards substantially embodied in Rev. St. § 639, subsec. 3, and also in the act of 1888 (1 Supp. Rev. St. 612), which expressly provided that "when a suit is between a citizen of the state in which it is brought and a citizen of another state it may be so removed on the petition of the latter," etc. It is only necessary to say that this provision is entirely different from that on which rests defendant's right of removal in the case at bar. Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, and Denton v. International Co., 36 Fed. 3, quoted from at length by the plaintiff, do not antagonize the views which I have expressed as to the restrictions of residence; for in each of those cases the defendant, within due time, asserted its privilege to be sued in a district other than the one where the suit was brought. In the former case, to avoid any mistake as to the scope of the opinion, the court expressly says:

"The Quincy Mining Company, a corporation of Michigan, having appeared specially for the purpose of taking the objection that it could not be sued in the Southern district of New York by a citizen of another state, there can be no question of waiver, such as has been recognized where a defendant has appeared generally in a suit between citizens of different states brought in the wrong district."

Conceding, therefore, that plaintiff is a citizen of Kentucky, there is still the diverse citizenship necessary to federal jurisdiction, because defendant is a citizen of Illinois. As already stated, then, it is immaterial to the decision of the pending motion whether plaintiff or defendant be right in their respective contentions as to the former's citizenship and residence; for in either event the controversy which

the suit involves is between citizens of different states, and therefore the right of removal exists.

The other ground upon which it is sought to remand the suit, namely, that a demurrer was filed in the state court prior to the petition and bond for removal, I think untenable. The express provision of the aforesaid act of congress of August 13, 1888, is that the petition for removal may be filed "at the time, or any time before the defendant is required by the laws of the state or the rules of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." 1 Supp. Rev. St. p. 613. By the laws of California, the defendant is required to appear and answer the complaint within 30 days, where the summons is served outside of the county in which the action is brought. Code Civ. Proc. Cal. § 407. In the present case, summons was served in San Francisco on the 27th day of June, 1896, and the petition for removal was filed on the 24th day of July, 1896. The fact that the petition was accompanied, or even preceded, by a demurrer, does not prejudice or in any way affect the right of removal. Motion to remand is denied.