COWELL v. CITY WATER-SUPPLY CO. et al.

(Circuit Court, S. D. Iowa, E. D. September 9, 1899.)

No. 221.

1. REMOVAL OF CAUSES—JURISDICTION OF PARTIES—RESIDENCE.

A defendant may waive the provision of the judiciary act (25 Stat. c. 866, § 1) which entitles him to be sued in the district of his residence; and where he is sued in a court of a state in which neither he nor the plaintiff resides, and removes the cause to the circuit court of the United States in such district, the plaintiff, having elected to institute the suit in such state court, cannot object to such removal on the ground that defendant is not a citizen or resident of the district, and that, therefore, the court would not have had original jurisdiction of the suit.

2. FEDERAL COURTS—VENUE—LOCAL SUITS.

A suit to cancel a mortgage on real estate is of a local nature, and may be maintained in a federal court of the district where the property is situated, where there is the requisite diversity of citizenship and amount involved to give it jurisdiction, without regard to the residence of the parties.

3. SAME—JURISDICTION—AMOUNT IN DISPUTE.

In a suit to set aside a conveyance of property, and mortgages given thereon, the value of the property and rights which will be affected if the relief prayed for is granted, and not the value of complainant's interest in the property, constitutes the amount in dispute, for the purpose of determining the jurisdiction of a federal court.[1]

In Equity. On motion to remand.

Blake & Blake, for plaintiff.
W. A. Underwood and Wm. McNett, for defendants.

WOOLSON, District Judge. Plaintiff's motion to remand must be overruled, because:

1. Although none of the parties plaintiff or defendant are citizens of this state, and therefore, on mere question of diverse citizenship, if suit had originally been brought in this court, this court, as against their protest, would not have jurisdiction of the parties defendant, yet the defendants may, if they will, waive the provision of the statute requiring them to be sued in the district of their residence. Ex parte Schollenberger, 96 U. S. 369, 378; Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982; Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286; Jewett v. Trust Co., 45 Fed. 801. In this case the defendants, by their petition for removal of case, have formally requested that this suit be placed within the jurisdiction of this court, and thus waived the provision of the statute above referred to. If the court from which the case was removed had jurisdiction of the parties, this court after removal has jurisdiction of them. O'Donnell v. Railroad Co., 49 Fed. 689, 692.

2. Plaintiff, having instituted this suit within this district, though in the state court, has thereby elected to have the suit litigated within the boundaries of this district. He had the right thus to elect, so

---

[1] As to jurisdiction as determined by the amount in controversy, see note to Auer v. Lombard, 19 C. C. A. 75, and, supplementary thereto, note to Tennent-Strimbling Shoe Co. v. Roper, 36 C. C. A. 459.

far as he is concerned, to have the suit here tried.    While the suit is pending in the state court the defendants could not object to jurisdiction of that court on the ground that none of such defendants were citizens or residents of the state of Iowa.    If plaintiff could bring his action in the state court, and defendants were powerless in said court to stay or dismiss the same because of their being citizens and residents of other states, it must necessarily follow, if plaintiff's contention be upheld (viz. that defendants cannot remove the case to this court, because they are severally not citizens or residents within this district), that as to subject-matter, confessedly within the jurisdiction of this court, these nonresident defendants are forbidden to litigate the same in this court, but must submit to such litigation in the state court.    In this respect such contention of plaintiff largely nullifies the jurisdiction of the federal courts, as heretofore generally exercised, as to controversies between citizens of different states in actions removed from the state courts, where none of the parties are citizens of the state and residents of the district in which the action was commenced in the state court. Duncan v. Associated Press, 81 Fed. 417; Long v. Long, 73 Fed. 369; Bank v. Pagenstecher, 44 Fed. 705.

3. But the subject-matter of the suit, to wit, cancellation of mortgages upon real estate within this district, is of a local nature, and therefore is properly brought within this district, wherein the property—the real estate so mortgaged—is situated (Northern I. R. Co. v. Michigan Cent. R. Co., 15 How. 232, 242); and, as such, the suit, if the amount in controversy is sufficient, could originally have been instituted in this court (Northern I. R. Co. v. Michigan Cent. R. Co., supra), with the parties plaintiff and defendant as now named in the bill (Curt. Jur. U. S. Cts. 137; Single v. Manufacturing Co., 55 Fed. 553, 555).

4. The "amount in dispute" herein, exclusive of interest and costs, exceeds $2,000.    Plaintiff, according to his bill, is the owner of one bond, of face value of $1,000, with coupons attached, issued by the Iowa Water Company, and secured by trust deed upon real estate situated within this district.    The trust deed securing his and other bonds was foreclosed in this court, the property (water-supply plant) sold, deed therefor executed to purchasers on confirmation by the court of such sale, a deed by said purchasers executed to the City Water-Supply Company (incorporated under a reorganization plan), and two mortgages aggregating $475,000, in bonds secured, were executed upon the property which had been so sold.    Plaintiff now asks this court (1) to cancel the deed so executed to the City Water-Supply Company, and confirmed by this court, the property therein conveyed being claimed in this bill to be of the value of $524,000; (2) to cancel the two mortgages from said City Water-Supply Company upon said property, securing said $475,000 bonds; (3) to declare said reorganization scheme illegal and set it aside; and (4) to establish in plaintiff, as his property, a $1/325$ interest in said property, or, failing in that, to have judgment against defendants for $1/325$ part of $524,000.    If plaintiff is successful in the first relief demanded, what is the result?    A conveyance of property by him

declared to be of the value of over a half million dollars is set aside, two mortgages on said property are canceled, and bonds with face values aggregating nearly a half million of dollars are made valueless, so far as the bonded security is concerned, and plaintiff is decreed to be owner of $^1/_{325}$ of said property. If the relief demanded may be the test, manifestly the matter in dispute vastly exceeds $2,000 in its extent. And, if the allegations of the bill are true, there has occurred a breach of the covenants contained in the exhibited conveyance of said entire water-plant property from the bondholders' committee to the City Water-Supply Company. But it is argued that an amount less than $2,000 is in dispute, because by the payment of less than $2,000 the bond held by plaintiff can be paid off, and his right to maintain this suit thereby extinguished. But why should the amount which will extinguish plaintiff's right as a bondholder be taken as the test of value of the matter in dispute? It will not be claimed that a proper test is, what will plaintiff take in discharge of his claim? An offer of settlement by plaintiff would not be taken as a test. He does not ask in his bill that his bond be paid off. The bill is on the theory that he proposes to retain his bond and pursue his asserted rights thereunder. If, then, the test is to be the value of the relief demanded, the matter in dispute herein involves vastly more than the jurisdictional amount. Had plaintiff brought an action at law against these defendants to recover the value of this bond and the coupons held by him, manifestly he would have prayed judgment for the amount claimed as due thereon. That would be the measure of his interest. And the matter in dispute (removal being sought, with no pleading filed, other than his petition) would be determined from the allegations of the petition. Hilton v. Dickinson, 108 U. S. 165, 2 Sup. Ct. 424; Bowman v. Railroad Co., 115 U. S. 611, 6 Sup. Ct. 192.

Various phases of the question under consideration have appeared in the adjudicated cases. Berthold v. Hoskins, 38 Fed. 772, involved the validity of a tax sale for $41.85, and tax deed issued thereunder. The matter in dispute was accepted by Judge Hill as the value of the real estate against which the taxes were levied. In Lehigh Zinc & Iron Co. v. New Jersey Zinc & Iron Co., 43 Fed. 545, plaintiff, then in the full and peaceable possession of certain ore lands, and claiming complete title thereto, brought suit for injunction to restrain defendants from instituting certain threatened suits attacking plaintiff's title, etc. To the objection that the matter in dispute was of less value than jurisdictional amount, for the reason that if plaintiff's title was complete, and the grounds of the threatened attack not well founded, no pecuniary damage could accrue to plaintiff, because such suit must fall, as groundless, Judge Green responded:

"I think the proper criterion of the 'value of the matters involved in the controversy' is to be found in the value of the property, the possession or enjoyment of which will be affected by the litigation. For the purposes of this suit, I should not hesitate to hold that the whole value of the property, the possession and enjoyment of which is imperiled by the threatening acts of defendant, is the measure of the matters put in controversy by it. If any other test than this should be substituted, very many suitors would be de-

barred from seeking the protection of the federal courts, and those tribunals would be stripped of a very important branch of their hitherto acknowledged jurisdiction, especially upon their equity side. * * * It may, indeed, be true that the claims of the defendant to the property in possession of complainant are groundless. It may be held that the deeds, leases, agreements, and adjudications of the courts, upon which and from which the complainant bases and claims its right, are invulnerable to any attack which, in pursuance of its threats, the defendant may make. That will appear at the end of the litigation. But the 'matter in controversy' is not the result of the litigation, but the property which will be affected by that result, and its value is the value which does or does not confer jurisdiction as it may be summed up."

In Lee v. Watson, 1 Wall. 339, the supreme court have said:

"By 'matter in dispute' is meant the subject of the litigation,—the matter for which the suit is brought, and upon which issue is joined, and in relation to which jurors are called and witnesses examined."

Therefore the character of the action becomes material, and at times controlling, on the question of jurisdiction as founded on amount in dispute. The claim for damages in actions based on torts, or for a money judgment if based on a claim for contract debt, are illustrations of this principle. But it has been held by the supreme court that a suit to quiet the title to parcels of real property, or to remove a cloud therefrom, by which their use and enjoyment by the owner are impaired, is brought within the cognizance of the court, under the statute, only by the value of the property affected. Parker v. Morrill, 106 U. S. 1, 1 Sup. Ct. 14; Smith v. Adams, 130 U. S. 175, 9 Sup. Ct. 566. And where there is sought, as in pending bill, the cancellation of a conveyance, and of trust deeds securing hundreds of thousands of dollars, it would seem that the test of jurisdiction is the value of the result reached, if relief be decreed as in the bill prayed, as was held by the supreme court in Railroad Co. v. Ward, 2 Black, 485. Had plaintiff sued at law to recover of the trust company and the other defendants the damages done to him by the acts in bill complained of, the test would have been the damage in good faith claimed. That would probably have been the amount due on bond and coupons at commencement of the action. But such action at law would not have attacked the conveyances of the property, nor the trust deed under which the outstanding bonds were issued. Hence, at law, the value of these last named could not have been considered in the question of jurisdiction, for their status would remain unchanged. But in this suit in equity the main relief prayed is the declaring null and void the foreclosure decree, on which the conveyances are founded, and the master's conveyance to the bondholders' committee, and the conveyance from this committee to the City Water-Supply Company (the reorganized company), and also the trust deed securing over $400,000 bonds. With such sweeping prayer for relief, and with such relief possible thereunder in this suit, there must be a far different test of jurisdiction than the test properly applicable in the law action just described. Ordered that motion to remand be overruled, to which plaintiff excepts.