## STONEGA COAL & COKE CO. v. LOUISVILLE & N. R. CO.

(Circuit Court, W. D. Virginia. June 1, 1905.)

FEDERAL COURTS—JURISDICTION—RIGHTS OF PARTIES—WAIVER.

Where a federal court in which suit was brought was without jurisdiction, because neither plaintiff nor defendant resided in the state or district, and such want of jurisdiction was raised by demurrer, defendant did not waive the objection either by appearing at the taking of depositions and cross-examining witness without declaring its intent to insist on its objection to the jurisdiction, or by stipulating during the taking of such depositions that copies of letters and telegrams might be used by either party in lieu of the originals.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 147.]

J. F. Bullett, for plaintiff.
Helm, Bruce & Helm and C. T. Duncan, for defendant.

McDOWELL, District Judge. This was an action at law commenced in this court, at Abingdon, by a summons returnable to the first rules in January, 1905. The declaration was filed on the return day of the writ, and at the next rules (January 16, 1905) the defendant, making then its first appearance, filed the following demurrer:

"Defendant, the Louisville & Nashville Railroad Company, a corporation, specially appearing for the purpose, and only for the purpose, of objecting to the jurisdiction of the court over defendant in this action, demurs to the declaration herein because it shows that neither the plaintiff nor the defendant is a citizen or resident of Virginia, or of the Western District thereof, and that this court has no jurisdiction over defendant in this action. And this," etc.

On January 13, 1905, the plaintiff gave the defendant notice to attend the taking of depositions on January 27th. The defendant attended, did not make protest or otherwise then assert its intention to rely upon its objection to the jurisdiction of this court, and cross-examined the witnesses. During the taking of the deposition counsel made an agreement, the nature of which will be stated later. At the first term of this court held at Abingdon after the institution of this action, counsel for the parties appeared and argued the question of jurisdiction, and the matter was taken under advisement.

As the plaintiff is a citizen of New Jersey, and the defendant a citizen of Kentucky, it is conceded by the learned counsel for plaintiff that this court has no jurisdiction (Railroad v. James, 161 U. S. 545, 16 Sup. Ct. 621, 40 L. Ed. 802; Railway v. Allison, 190 U. S. 326, 23 Sup. Ct. 713, 47 L. Ed. 1078), unless the want of jurisdiction has been waived (Central Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286). The argument that there has been a waiver is based

on the fact that the defendant, pursuant to notice given in pais by plaintiff, attended the taking of depositions and cross-examined the witnesses without then expressly declaring its intent to insist on its previously made objection to the jurisdiction, and also on the fact that during the taking of the deposition the defendant stipulated with plaintiff that copies of letters and telegrams might be used by either side in lieu of the originals.

The first proposition has been expressly decided by the Circuit Court of Appeals of this circuit against the contention of the plaintiff. Pacific Ins. Co. v. Tompkins, 101 Fed. 539, 541, 41 C. C. A. 488. In this court this question is, of course, not open to discussion.

Whether or not the stipulation entered into between counsel during the taking of the depositions can be considered as waiving the objection has, so far as I am aware, never been decided. If the act of the defendant in attending the taking of depositions without protest, in cross-examining the witnesses, and in thus learning all that could be learned from the plaintiff's witnesses concerning the merits of the controversy, is not a waiver, it would seem to follow that the mere making of the stipulation in question could not be a waiver. The actual decisions of the Supreme Court, so far as I have found, go no further than to hold that pleading to the merits will waive objections to the jurisdiction such as we have here. But if an implied waiver can be otherwise made (Wabash W. Ry. v. Brow, 164 U. S. 271, 278, 17 Sup. Ct. 126, 41 L. Ed. 431), it seems to me that it must be made by such an act as either shows necessarily an intent to abandon the objection to the jurisdiction, or such as results in giving the defendant an inequitable advantage over his opponent. I cannot perceive that entering into the stipulation here in question did or could prejudice the plaintiff or give the defendant any unfair advantage. Nor did making this stipulation necessarily show an intent to waive the objection to jurisdiction. Making the agreement was consistent with the fullest intent to insist upon the objection, which had been previously filed, and which was urged at the first opportunity. It seems to me to be carrying the doctrine of waiver beyond reason to hold that mere preparation in pais for trial in the event that the trial court rules against one objecting to the jurisdiction shall constitute a waiver of his objection. Such acts show a doubt as to how the court will decide the question, but not necessarily the slightest intent to abandon the objection. It is settled that, if a defendant makes and unsuccessfully urges his objection to the jurisdiction, he can thereafter plead to the merits and enter into a trial of the cause without thereby waiving his right to insist on the objection to the jurisdiction in the appellate court. Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237, 9 Rose's Notes, 661; Southern Pac. Co. v. Denton, 146 U. S. 202, 206, 13 Sup. Ct. 44, 36 L. Ed. 942. This being true, it follows that a defendant does not necessarily waive his right to object to the jurisdiction in the trial court by mere preparation for trial, in order to be ready for an adverse decision of the question. It is a familiar illustration of the often perverted doctrine that ignorance of law excuses no one that the utmost confidence of defendant's counsel in the soundness of a

preliminary objection to a plaintiff's pleading does not, in the event of an adverse ruling, excuse want of preparation for trial. When a demurrer to a declaration is overruled, a continuance is not ordinarily granted the defendant, no matter how confident his counsel had been that his demurrer was well taken. It would therefore be unreasonable to hold that mere preparation for trial, to be had in the event of an adverse ruling, is a waiver of the objection.

From what has been said, it follows that the admittedly valid objection to the jurisdiction of this court has not been waived. The declaration must be dismissed.