FARM CORNN v. JUSTUS S. WARDELL.

December 23, 1915.

1. *Removal of causes—Jurisdiction of parties—Residence:* A nonresident defendant who secures removal to this court of a suit brought against him in an Hawaiian Territorial court, cannot then have the suit dismissed for a United States court's want of jurisdiction of nonresidents, under Judicial Code, section 51.

2. *Courts—Jurisdiction—General appearance on removal of cause:* In a cause so removed the defendant waives any right of objection to this court's jurisdiction of the person by entering into stipulation here extending time to answer.

*At Law:* Motion to dismiss for want of jurisdiction of person of defendant.

*R. J. O'Brien* (*E. C. Peters* with him) for plaintiff.
*Jeff McCarn* for defendant.

CLEMONS, J.   The defendant moved the present cause to this court from the Circuit Court of the First Circuit of Hawaii, and my associate Judge Dole, on plaintiff's motion to remand, held, ante, page 601, that the cause was properly here, inasmuch as the defendant was sued for alleged slander uttered by a Federal official acting *colore officii* in the performance of statutory duties.   The defendant now moves to dismiss the case altogether on the ground that he is not a resident of this district where served with process but is, as the complaint itself shows, a resident of the Northern District of California.

[1] The laws relating to removal of causes were extended to the district of Hawaii by our Organic Act, sec. 86 (31 Stat. 141, 158;   am. 33 Stat. 1035;   am. 35 Stat. 838);   and although the defendant could be sued in a United States court originally only in the district of his residence (Judicial Code, sec. 51), still he was acting consistently in hav-

ing the suit removed from the Territorial court to this, "the next district court of the district where . . . pending" (Judicial Code, sec. 31). See *Cowell v. City Water Supply Co.*, 96 Fed. 769, par. 1.

And according to the decision just cited, the defendant, having "formally requested that this suit be placed within the jurisdiction of this court," has "thus waived the provision of the statute" requiring a defendant to be sued in the district of his residence. To the same effect, see *O'Donnell v. Atchison, etc. Ry. Co.*, 49 Fed. 689, 692.

The defendant's counsel, however, contends that the plaintiff's position is absurd: to let the plaintiff still stay in this court, says counsel, is to override the statute requiring the defendant to be sued in a Federal court only in the district of his residence. The answer is, that the defendant had a perfect right to sue in the Territorial court—the Federal court's jurisdiction being not exclusive, but only concurrent. See *Pittsburgh, etc. Ry. Co. v. Wood,* 84 N. E. 1009 (Ind. App.) as quoted in 34 Cyc. 1216, n. 1. It was because of the very fact that the Territorial court had jurisdiction that the defendant there sought to remove and not to dismiss. It is this concurrence of jurisdiction, that distinguishes the present case from that relied on by counsel, of *Wabash, etc. Ry. Co. v. Brow,* 164 U. S. 271, in which the cases cited in Black's Dillon on Removal of Causes, sec. 283, n. 24, are overruled, and in which neither the Federal court nor the local court had jurisdiction of the defendant's person. And it must be remembered, the right of removal is purely a creature of statute: 34 Cyc. 1215-1216; and if removal *under its terms* does not happen to put the defendant in the same position, as to place of trial, as if sued in the Federal court in the first instance, it cannot be seen why the plaintiff should, therefore, be deprived of his right to resort to a Territorial court of concurrent jurisdiction on the one hand, or on the other why the defendant should in excess of the removal remedy, be given the advantage of

throwing the plaintiff out of the court to which the defendant has removed the cause and of forcing the plaintiff to bring a new suit in the Federal court where the defendant resides.

[2] Moreover, defendant through his counsel has submitted to this court's jurisdiction in entering with counsel for the plaintiff into the written stipulation on file, "that the defendant Justus S. Wardell, may have to and including the 30th day of November, A. D., 1915, within which to answer or otherwise plead herein." Under a well settled rule of practice, this stipulation operates as a general appearance of the defendant, and is an added reason for the denial of his motion. 2 Enc. Pl. & Pr. 633-634, 639-642, 644; 3 Cyc. 522-523; *Briggs v. Stroud,* 58 Fed. 717-719; *Waters v. Central Trust Co.,* 126 Fed. 469, 471 (Townsend and Lacombe, Circuit JJ.) And see *Stonega. Coal, etc. Co. v. Louisville, etc. Ry. Co.,* 139 Fed. 271, 272.

Let the defendant's motion to dismiss be denied.