## WILSON *v.* WESTERN UNION TEL. CO.

*(Circuit Court, N. D. California.   March 19, 1888.)*

1. REMOVAL OF CAUSES—PROCEDURE—ACTS OF STATE COURT.
     The United States removal act, as amended by act of March 3, 1887, gives to the circuit court immediate jurisdiction upon the filing of the required petition and bond in the state court, where the action is pending, the case being removable; and no act of the state court is necessary to, or can prevent, the jurisdiction of the circuit court, which court, upon the filing of a copy of the record, may proceed with the case as if it had been originally entered there.

2. SAME—RIGHT OF REMOVAL—NON-RESIDENT DEFENDANT—ACT OF MARCH 3, 1887.
     Under the act of March 3, 1887, providing that United States circuit courts shall have jurisdiction of civil causes between citizens of different states, and that when the jurisdiction is founded only on diverse citizenship suit may be brought in the district where either plaintiff or defendant resides; and that civil suits, of which the circuit court has jurisdiction, and which are brought in state courts, may be removed to the circuit court by defendant, if a non-resident of the state,—a foreign corporation sued in a state court by a citizen of the state has a right to a removal to the circuit court.

On Motion to Remand.
Before FIELD, Justice, and SAWYER, J.
*H. B. Gillis,* for plaintiff.
*Philip G. Galpin,* for defendant.

FIELD, Justice.   This action was brought to recover damages alleged to have been sustained by the plaintiff from a collision with the telegraph wires of the defendant, the Western Union Telegraph Company, which, by its negligence, had become detached from the poles by which they were usually held, and were suspended near the ground.   It was commenced in the superior court of Siskiyou county, Cal., in June, 1887, and the sheriff served the summons issued on the company the 1st of July following, by delivering a copy thereof, attached to a certified copy of the complaint in the action, to one Frank Jaynes, in the city of San Francisco.   The plaintiff is a citizen of the state of California, and the defendant is a corporation created under the laws of New York, and is, therefore, to be deemed, for the purposes of jurisdiction in the federal courts, a citizen of that state.   On the 23d of July the defendant filed a petition for the removal of the action to the circuit court of the United States, on the ground of the citizenship of the parties in different states, accompanied by the bond required by the act of congress in such cases.   Objections were made by the plaintiff to granting the petition, on the ground that no notice of it had been filed or served on him, and that the appearance of the defendant had not been entered; and the petition was denied.   The defendant, notwithstanding this denial, had copies of the papers in the state court filed in the circuit court of the United States, and in that court it appeared and put in an answer to the complaint. The circuit court having thus taken jurisdiction, it is moved that the

case be remanded to the state court, on the ground that it was unlaw-fully removed, and by stipulation of parties the motion is submitted to myself and the circuit judge for decision.

The denial by the state court of the petition of the defendants for removal of the action in no respect affects the jurisdiction of the circuit court of the United States, if the action was removable, and the bond offered was such as the statute required. The statute makes the removal upon the filing of the petition with the necessary bond. The order of the state court directing the removal would have been a proper proceeding; it would have been record evidence of the court's acceptance of the bond, and of its acquiescence in the transfer of the action from its jurisdiction. But its refusal to make the order could not take from the circuit court its rightful jurisdiction. The statute of March 3, 1887, amending the act of 1875, determining the jurisdiction of the circuit courts of the United States, and regulating the removal of causes from state courts, provides that whenever a party is entitled to remove a suit from a state court to the circuit court of the United States, and desires to do so, he shall, except in certain cases, not material to the question here, file a petition for such removal in the suit at the time, or any time before the defendant is required to answer or plead to the declaration or complaint, and file a bond with good and sufficient surety for his entering in the circuit court, on the first day of its then next session, a copy of the record in the suit, and for paying all costs that may be awarded by that court, if it shall hold that the suit was wrongfully or improperly removed thereto, and also for his appearing and entering special bail in the suit, if special bail was originally requisite therein. And the statute declares that "it shall then be the duty of the state court to accept said petition and bond, and proceed no further in such suit; and the said copy being entered as aforesaid in said circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court." 24 St. 553, c. 373, § 3. As thus seen, no order of the state court or the circuit court is contemplated to transfer the jurisdiction of the action. As said by the supreme court, in *Railroad Co.* v. *Koontz*, 104 U. S. 14, speaking of the provisions on this subject in the act of 1875, which were similar to those in the act of 1887:

"It is a well-settled rule of decision in this court that when a sufficient case for removal is made in the state court, the rightful jurisdiction of that court comes to an end, and no further proceedings can properly be had there, unless in some form its jurisdiction is restored. *Gordon* v. *Longest*, 16 Pet. 97; *Kanouse* v. *Martin*, 15 How. 198; *Insurance Co.* v. *Dunn*, 19 Wall. 214; *Railroad Co.* v. *Mississippi*, 102 U. S. 135. The entering of the copy of the record in the circuit court is necessary to enable that court to proceed, but its jurisdiction attaches when under the law it becomes the duty of the state court to proceed no further. The provision of the act of 1875 is, in this respect, substantially the same as that of the twelfth section of the judiciary act of 1789, and requires the state court, when the petition and a sufficient bond are presented, to proceed no further with the suit; and the circuit court, when the record is entered there, to deal with the cause as if it had been originally

commenced in that court. The jurisdiction is changed when the removal is demanded in proper form, and a case for removal made. Proceedings in the circuit court may begin when the copy is entered."

It does not appear what relation Frank Jaynes bore to the Western. Union Telegraph Company, to render the service of process on him service on the company. This is not, however, important, as the company accepted the service as sufficient, and appeared in the state court with its petition, and in the circuit court filed its answer. When the petition was filed, the time for its presentation had not expired. By the law of California, a defendant, served with summons out of the county in which the action is commenced, has 30 days to appear and answer the complaint. Only 23 days had elapsed in the present case from the service of the summons and copy of complaint, when the petition for removal was filed. The evident object of this motion is to obtain a reconsideration of the decision of the circuit court in the case of *County of Yuba* v. *Mining Co.*, rendered in August, 1887, and reported in 32 Fed. Rep. 183. It was there held that, under section 1 of the act of 1887, the circuit court could not take cognizance of an action brought against a party in a district of which he was not an inhabitant, and that, under section 2, no removal could be made to the circuit court of the United States of an action brought in a state court against a party who was not an inhabitant of the district. In that case, the plaintiff was a county of the state of California, and the defendants were corporations of the state of Nevada. The opinion in the case was written by my associate, the circuit judge, but I concurred in it, and in the judgment which followed. I have, however, long been satisfied that we fell into an error, and I am happy that we have so early an opportunity of correcting it. Whether that case is in such a position that the motion can be renewed, and the ruling reconsidered, I am not able to state. We can, however, prevent the decision from misleading hereafter in other cases.

The first section of the act of March 3, 1887, declares in what cases the circuit courts of the United States shall have original cognizance with the courts of the several states of suits of a civil nature at common law or in equity. In some of them, perhaps in all, it prescribes the amount or value which must be involved, exclusive of interest and costs. Omitting any consideration of that matter, the jurisdiction is extended to the following cases: (1) Those which arise under the constitution or laws of the United States, or treaties made or which shall be made under their authority; (2) those in which the United States are plaintiffs or petitioners; (3) those in which there is a controversy between citizens of different states; (4) those in which there is a controversy between citizens of the same state claiming lands under grants of different states; and (5) those in which there is a controversy between citizens of a state and foreign states, citizens, or subjects. The section also prescribes the jurisdiction of the circuit courts in criminal cases, both original and concurrent with the district courts; but that is a matter not pertinent to the present inquiry. It then declares that "no person shall be arrested in one district for trial in another in any civil action before a circuit court or district

court, and no civil suit shall be brought before either of said courts against any person by any original process [or] proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." The plain meaning of this clause, so far as it relates to the district in which a civil suit in a circuit or district court may be originally brought, is this: that such suit, where the jurisdiction is founded upon any of the causes mentioned in the section, except the citizenship of the parties in different states, must be brought in the district of which the defendant is an inhabitant; but where such jurisdiction is founded solely upon the fact that the parties are citizens of different states, the suit may be brought in the district in which either the plaintiff or the defendant resides. No other intelligible meaning can be given to the section without omitting from consideration the concluding lines of the clause quoted; and such an omission is not permissible. The settled canon in the construction of statutes requires effect to be given to every sentence and word, if practicable; and here there is no difficulty in carrying out the requirement. The clause is not happily drawn; it wants the precision and clearness that a careful and intelligent revision would have given; but it is not difficult to get at its purpose and meaning. The concluding lines are to be read as a proviso to the general provision that no civil suit shall be brought except in the district whereof the defendant is an inhabitant.

Passing now to the second section of the act of 1887, we find the cases mentioned in which a removal of suits of a civil nature may be had from the state court to the circuit court of the United States. They embrace, among others: *First*, suits of a civil nature arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which by the previous section of the act the circuit courts are given original jurisdiction, but which are pending, or may be brought, in a state court; these may be removed by the defendant or defendants therein; and, *second*, other suits of a civil nature of which the circuit courts are given original jurisdiction by the first section, but which are pending, or may be brought, in a state court; these may be removed by the defendant or defendants therein being non-residents of the state. In one of these classes of suits a removal may be asked by the defendant or defendants without regard to his or their residence; in the other class, a removal can be asked only when the defendant or defendants reside without the state. According to this construction of the two sections, the corporations of Nevada, defendants in the *Yuba County Case*, had a right to its removal to the circuit court of the United States, and we erred in remanding it back to the state court. So, in the present case, the defendant, the Western Union Telegraph Company, has a right to its removal to the circuit court; and the removal being made, the motion to remand the case back to the state court must be denied. Since the decision in the *Yuba County Case*, the same question has been before several circuit courts, and the decisions rendered,

by them, after a careful consideration of the subject, have been against the one we made, and which we now overrule. See *Fales* v. *Chicago*, 32 Fed. Rep. 673; *Gavin* v. *Vance*. 33 Fed. Rep. 84; *Loomis* v. *Coal Co.*, Id. 353; *Railroad Co.* v. *Railroad Co.*, Id. 385.   Motion denied.