FIRST NAT. BANK *v.* MERCHANTS' BANK *et al.*

(*Circuit Court, N. D. Georgia.* June 16, 1888.)

1. REMOVAL OF CAUSES—CITIZENSHIP—NON-RESIDENTS OF DIFFERENT STATES.
     Where, in a cause removed from a state court to the circuit court of the United States for the Northern district of Georgia, it appears that the complainant is a citizen of the state of Alabama, and the real defendant having an interest in the controversy is a citizen of the state of Ohio, removal having been made by the citizen of Ohio. on motion to remand upon the ground that the citizenship of the parties was not such as to give the circuit court jurisdiction, *held,* that the cause was removable.

2. SAME—PROCEDURE.
     If it is irregular to file an affidavit and bond for removal the day before taking a formal order making movant a party and removing the cause, such irregularity is cured by an order the next day making him a party and reciting the fact as to the filing of the bond and removal of the cause.

*Hoke & Burton Smith,* for the motion.
*Hopkins & Glen,* and *Julius L. Brown,* contra.

NEWMAN, J. This is a motion to remand, and, in order that the question presented may be understood, a brief statement of the case is regarded as necessary. On the 13th day of July, 1887, the First National Bank of Sheffield filed its bill in equity in the superior court of Fulton county, Ga., against the Merchants' Bank of Atlanta, on the following statement of facts: On the 14th and 15th days of June, 1887, complainant had on deposit $8,000 with the defendant. Prior to that time complainant had been dealing with the Fidelity National Bank of Cincinnati, Ohio, forwarding checks to said bank, and said bank depositing in place of said checks currency to the credit of complainant in New York. Prior to said time the Fidelity National Bank had been perfectly solvent, and was a bank which did an immense business, and complainant had dealt with it quite a length of time. Just before or about the 14th day of June, 1887, said bank, through its officers, had squandered its money in sudden wild speculations in wheat and "futures" of different characters, and it had become totally insolvent; yet it continued to deal with complainant without giving complainant any notice of its changed condition, and fraudulently concealed such changed condition from complainant with full knowledge of the fact that complainant was not informed of said changed condition. By reason of said fraud the said Fidelity National Bank induced complainant on the 14th and 15th days of June, 1887, to send it two checks for $4,000 each on the Merchants' Bank of Atlanta. The Fidelity National Bank received the said checks two or three days later, and fraudulently sent the same to the Merchants' Bank of Atlanta, without forwarding the currency to New York, to be deposited to the credit of complainant, and said checks reached Atlanta on or about 20th day of June, but the Merchants' Bank has never paid out said $8,000 to the said Fidelity National Bank, and still has the same.

v.37F.no.13—42

The prayers in the bill are for a decree requiring the Merchants' Bank to pay complainant $8,000, and enjoining them from paying it to the Fidelity National Bank. Temporary injunction was granted. On October 8, 1887, an order was passed making David Armstrong, receiver of said Fidelity Bank, party to the cause, and thereupon, on the same day, upon petition of said Armstrong, an order was passed by said superior court removing the cause to the circuit court of the United States. It is said in favor of this motion, in the first place, that the petition for removal, together with the bond and affidavit, was filed in the state court on the 7th day of October, 1887, and that David Armstrong, as receiver, was not made a party defendant until the next day, the 8th day of October. An examination of the record shows this to be true. It further shows that on the 7th day of October, the attorneys for complainant consented in writing that Armstrong, as receiver, be made a party defendant to said cause, and on the 8th day of October the court passed an order in which it is recited that Armstrong, as receiver, having been made a party in the cause, and having caused his appearance to be entered by his solicitor, and having made and filed a bond and affidavit as required by law, said cause is removed to the circuit court of the United States. I think that by this order the discrepancy in dates and the irregularities alluded to were cured. It seems that on the 7th, when the receiver filed his petition for removal, he had not by formal order been made a party; but I do not think that filing would have the effect to take from the court all jurisdiction to proceed further in the same, for it would seem that this proceeding by Armstrong to remove, when he was really not a party to the cause, would have no effect, and it required the order of the court, passed on the next day, making him a party, to give the proceedings any force and effect whatever. I do not think, therefore, the position of counsel for complainant that the matter alluded to requires the cause to be remanded can be sustained.

It is said in the next place that the location of the Merchants' Bank, it being a Georgia corporation, defeats the right of removal in the case. This would be true if the Merchants' Bank was a party to the controversy in the case, having an interest therein to be determined, but the record shows that it is only a nominal party. In the language of the petition, it is "but a stakeholder" of the fund in controversy, and it is apparent that the entire litigation and contention will be between the other two parties. The Merchants' Bank having no interest whatever therein, it simply holds the money to abide the judgment of the court as between the other two parties. *Bacon v. Rives*, 106 U. S. 99, 1 Sup. Ct. Rep. 3. But it is said that, even if this be true, that the real and only controversy in the case is between the Sheffield Bank and Armstrong as receiver of the Fidelity Bank, then the citizenship and residence of the parties is not such as to give this court jurisdiction by removal. In that aspect of the case it is a controversy between citizens and residents of different states, neither of whom is a citizen or resident of Georgia. The decision of this question depends upon the construction that should be given the act of March 3, 1887. By the first section of that act, the circuit courts of the United States are given "original cognizance, con-

current with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, in which there shall be a controversy between citizens of different states." By the second clause of the second section of this act "any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein being non-residents of that state." In the latter part of section 1 is this provision: "And no civil suit shall be brought against any person by original process of (or) proceeding in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." It has been assumed by some courts, without any discussion of the subject, and without any reason given therefor in their published opinions, that the language quoted from section 2, as to removals, applies to the language last quoted from section 1. *Yuba Co.* v. *Mining Co.*, 32 Fed. Rep. 183; *Foundry Co.* v. *Howland,* 5 S. E. Rep. 745; *Mining Co.* v. *Markell*, 33 Fed. Rep. 386; *Harold* v. *Mining Co.*, 33 Fed. Rep. 529;[1] *Tiffany* v. *Wilce*, 34 Fed. Rep. 230.

In the case of *Gavin* v. *Vance*, 33 Fed. Rep. 84, Judge HAMMOND, after stating that "the contrary view is neither impossible nor improbable nor yet unreasonable," concludes that section 2 refers to the latter part of section 1. See, also, *Tiffany* v. *Wilce*, 34 Fed. Rep. 230. In all the cases that I have just cited, with one exception, the plaintiff was a resident of the district in which the suit was pending, and a decision of the question presented here was unnecessary. My conclusion as to the proper construction of these two sections is different. I do not think that it can be said that jurisdiction is given by the language quoted from the latter part of section 1. It relates to the locality in which suits may be brought by original "process or proceeding," and is intended for the benefit of defendants. It provides where they may be required to answer suits originating in the federal courts. Jurisdiction is conferred on the circuit courts by the first part of section 1, and that jurisdiction, when founded on citizenship, is between citizens of different states, provided the jurisdictional amount is involved; and it is to that portion of the section, instead of the latter part, fixing the place where suits may be brought by original "process or proceeding," section 2 refers. "Removal of Causes," by Judge SPEER, of the Southern district of Georgia, § 21 *et seq.*, and analysis C; *Fales* v. *Railway Co.*, 32 Fed. Rep. 673; *Short* v. *Railway Co.*, 34 Fed. Rep. 225, (approving the *Fales Case;*) *Vinal* v. *Improvement Co.*, 34 Fed. Rep. 228.

[1] Since this opinion was filed, Judge BREWER, in the case of Railroad Co. v. Lumber Co., 37 Fed. Rep. 3, has announced a different view from that announced in his concurrence in the case of Harold v. Mining Co., 33 Fed. Rep. 529.

Counsel for Armstrong, receiver, have argued that the court may retain jurisdiction of this case because of the fact that Armstrong is a receiver of a national bank; and they further urge that it is a suit for "winding up the affairs" of a national bank, within the meaning of section 4 of the act of 1887. I would not be inclined to concur in this view of the matter, but as jurisdiction of the case is retained for reasons hereinbefore expressed, it is unnecessary to pass upon this question. My conclusion is that the motion to remand this case must be denied.