ROME PETROLEUM & IRON CO. v. HUGHES SPECIALTY WELL
DRILLING CO.

(Circuit Court, N. D. Georgia, N. W. D.  May 26, 1904.)

No. 49.

1. REMOVAL OF CAUSES—JURISDICTION OF FEDERAL COURT—DISTRICT OF SUIT.
   Under the judiciary act of March 3, 1887, c. 373, 24 Stat. 552, as corrected
   by Act Aug. 13, 1888, c. 866, § 2, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509],
   a cause is removable by a defendant who is a nonresident of the state,
   on the ground of diversity of citizenship, although neither party is an in-
   habitant of the district.

On Motion to Remand to State Court.

Dean & Dean, for plaintiff.

J. Branham, Denny & Harris and Geo. A. H. Harris, for defendant.

NEWMAN, District Judge. This is a motion to remand. The
suit was originally brought in the superior court of Floyd county, Ga.,
by the Rome Petroleum & Iron Company, a corporation of the state of
South Dakota, against the Hughes Specialty Well Drilling Company,
a corporation of the state of South Carolina. The defendant has by
proper proceedings removed the case into the Circuit Court of the
United States for the Northwestern Division of the Northern District
of Georgia. Neither of the parties are citizens or residents of the state
of Georgia.

The question is whether under Act Cong. March 3, 1887, c. 373, 24
Stat. 552, as corrected by Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U.
S. Comp. St. 1901, p. 508], such a suit is removable. This depends
upon the construction to be given certain clauses in the first and second
sections of that act. In the beginning of the first section it is provided:

"That the Circuit Courts of the United States shall have original cognizance,
concurrent with the courts of the several states, of all suits of a civil nature,
at common law or in equity, where the matter in dispute exceeds, exclusive of
interest and costs, the sum or value of two thousand dollars, * * * in
which there shall be a controversy between citizens of different states."

In the latter part of the first section it is provided:

"But no person shall be arrested in one district for trial in another in any
civil action before a circuit or district court; and no civil suit shall be brought
before either of said courts against any person by any original process or pro-
ceeding in any other district than that whereof he is an inhabitant, but where
the jurisdiction is founded only on the fact that the action is between citizens
of different states, suit shall be brought only in the district of the residence
of either the plaintiff or the defendant."

The second section of the act, so far as material here, provides that:

"Any other suit of a civil nature, at law or in equity, of which the Circuit
Courts of the United States are given jurisdiction by the preceding section,
and which are now pending, or which may hereafter be brought, in any state
court, may be removed into the Circuit Court of the United States for the
proper district by the defendant or defendants therein, being non-residents of
that state."

¶ 1. Diverse citizenship as a ground of federal jurisdiction, see notes to
Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

Since the passage of this act, the Circuit Courts have differed as to the construction of these provisions of sections 1 and 2 of this act. Soon after the passage of the act (August 29, 1887), Mr. Justice Field and Judges Sawyer and Sabin, in the Circuit Court for the Northern District of California, rendered a decision, which has since been often quoted, in which it was held that:

"Under section 1 of the removal act, as amended by an act of March 3, 1887, c. 373, 24 Stat. 552 [U. S. Comp. St. 1901, p. 508], the Circuit Court cannot take cognizance of a suit brought against a party in a district of which he is not an inhabitant, and section 2 does not authorize the removal of a suit brought in a state court against a party not an inhabitant of the district. Section 2 of said act, as amended, does not authorize the removal of a suit from a state court to the United States Circuit Court which could not have been originally brought in said circuit court."

In Wilson v. Western Union Telegraph Co. (C. C.) 34 Fed. 561, Mr. Justice Field and Circuit Judge Sawyer expressly stated that the views announced in Yuba v. Mining Co. were erroneous. In the opinion by Mr. Justice Field this is said:

"The evident object of this motion is to obtain a reconsideration of the decision of the circuit court in the case of County of Yuba v. Mining Co., rendered in August, 1887, and reported in 32 Fed. 183. It was there held that, under section 1 of the act of 1887, the Circuit Court could not take cognizance of an action brought against a party in a district of which he was not an inhabitant, and that, under section 2, no removal could be made to the Circuit Court of the United States of an action brought in a state court against a party who was not an inhabitant of the district. In that case the plaintiff was a county of the state of California, and the defendants were corporations of the state of Nevada. The opinion in the case was written by my associate, the Circuit Judge, but I concurred in it, and in the judgment which followed. I have, however, long been satisfied that we fell into an error, and I am happy that we have so early an opportunity of correcting it."

Afterward, in the opinion, this occurs:

"Passing now to the second section of the act of 1887, we find the cases mentioned in which a removal of suits of a civil nature may be had from the state court to the Circuit Court of the United States. They embrace, among others, first, suits of a civil nature arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which by the previous section of the act the Circuit Courts are given original jurisdiction, but which are pending or may be brought in a state court; and, second, other suits of a civil nature of which the Circuit Courts are given original jurisdiction by the first section, but which are pending or may be brought in a state court. These may be removed by the defendant or defendants therein being non-residents of the state. In one of these classes of suits a removal may be asked by the defendant or defendants without regard to his or their residence. In the other class a removal can be asked only when the defendant or defendants reside without the state. According to this construction of the two sections, the corporations of Nevada, defendants in the Yuba County Case, had a right to its removal to the Circuit Court of the United States, and we erred in remanding it back to the state court. So in the present case the defendant the Western Union Telegraph Company has a right to its removal to the Circuit Court, and, the removal being made, the motion to remand the case back to the state court must be denied. Since the decision in the Yuba County Case, the same question has been before several Circuit Courts, and the decisions rendered by them, after a careful consideration of the subject, have been against the one we made, and which we now overrule. See Fales v. Chicago, etc., Railroad Co. (C. C.) 32 Fed. 673; Gavin v. Vance (C. C.) 33 Fed. 84; Loomis v. Coal Co., Id. 353; St. Louis, V. & T. H. Railroad Co. v. Railroad Co., Id. 385."

In Fales v. Chicago, etc., Railroad Co., cited by Justice Field, Judge Shiras, delivering the opinion, says in this connection:

"It seems to me that the question of federal cognizance is confounded with the question of the place of bringing suit by original process. The latter question has nothing to do with the right of removal. The question whether the action might have been brought by original process in any federal court was material, in order to determine whether it was a case of federal cognizance; but, that question being decided in favor of the federal jurisdiction, the question of the proper place or district in which the suit might have been brought by original process is wholly immaterial on the question of removal."

And again in the same opinion:

"If, however, the plaintiff, having a cause of federal cognizance by reason of diverse citizenship, chooses to bring suit thereon in the state court, then he has made his election, and he cannot afterwards remove the case into the federal tribunal. If such a suit is brought in the courts of the state of which defendant is a resident, then it cannot be removed, because it is supposed the defendant can have no objection to a trial by the courts of the state of which he is a resident. If, however, a suit is brought in a case of federal cognizance in a court of a state of which defendant is not a resident, then the election is given to such nonresident defendant to carry the case by removal into the federal court."

In Duncan v. Associated Press, 81 Fed. 417, in the Circuit Court for the Southern District of California, Judge Wellborn discusses this question, and, after quoting the authorities, says:

"The foregoing citations establish, beyond question, that the right of removal does not depend in any way upon the residence of the parties, or, in other words, that the restrictions as to residence do not apply to jurisdiction by removal; and such jurisdiction exists where the parties are citizens of different states, even though neither of them be a citizen of the state where the suit is pending."

In Cowell v. City Water Supply Co. et al. (C. C.) 96 Fed. 769, Judge Woolson took a similar view of the question.

In the recent case of Whitworth v. Railroad Co., 107 Fed. 557, Judge Evans, of the Circuit Court for the District of Kentucky, reviews most of the cases on this question, and decides in favor of the right of removal by a nonresident defendant, although neither the plaintiff nor defendant was a citizen of the state in which suit was brought. In a still later case (Foulk v. Gray et al., 120 Fed. 156) Judge Keller, in the Circuit Court for the Southern District of West Virginia, after reviewing the authorities on this subject, takes a contrary view, and holds that such a case is not removable.

It seems clear that the provision of section 2 of the act of 1887 quoted above, which controls on this question, refers to the first part of section 1, giving cognizance to the Circuit Courts of the United States generally, rather than to the latter part of the section, fixing the locality or particular district in which suit may be brought by original process or proceeding. This was pointed out by Mr. Justice Brewer (then Circuit Judge Brewer), in Kansas City & T. R. Co. v. Interstate Lumber Co. (C. C.) 37 Fed. 3, in this language:

"The same distinction between the general matter of jurisdiction and the particular court for suit and trial is recognized in Fales v. Railway Co. (C. C.) 32 Fed. 673; Gavin v. Vance (C. C.) 33 Fed. 84; Loomis v. Coal Co., Id. 353. Turning to the second section, we find that the removable suits are those of which, by the first section, the federal courts are given jurisdiction. The

language speaks of jurisdiction generally, and of courts in the plural. Any suit is removable of which any federal court might take jurisdiction, and the mere fact that the defendant could have successfully objected to being sued in any one or more particular federal courts does not destroy the general jurisdiction of federal courts or prevent its removal. Take the case at bar. If the suit had been commenced in this court, and process served personally upon the defendant, and it had raised no question other than upon the merits of the controversy, this court would have had undoubted jurisdiction, and the judgment it rendered would have been valid. If the jurisdiction of the court upon his failure to insist upon his personal privilege be conceded in the one case, why should there be doubt of the jurisdiction when he voluntarily seeks the court? I am aware that in the case of Harold v. Mining Co. (C. C.) 33 Fed. 529, I concurred with Judge Hallett in an opinion different from that herein expressed, but further reflection, after hearing the question discussed at length and frequently, has satisfied me that that opinion was erroneous. It is perhaps unnecessary to carry this discussion any further, and it is enough to say that we hold that the fact that both parties are nonresidents of this district does not oust this court of jurisdiction in a case removed from the state court by a nonresident defendant."

In First National Bank v. Merchants' Bank, 37 Fed. 657, 2 L. R. A. 469, decided in this district, in the opinion, after citing some cases taking a different view, this is said:

"My conclusion as to the proper construction of these two sections is different. I do not think that it can be said that jurisdiction is given by the language quoted from the latter part of section 1. It relates to the locality in which suits may be brought by original 'process or proceeding,' and is intended for the benefit of defendants. It provides where they may be required to answer suits originating in the federal courts. Jurisdiction is conferred on the Circuit Courts by the first part of section 1, and that jurisdiction, when founded on citizenship, is between citizens of different states, provided the jurisdictional amount is involved; and it is to that portion of the section, instead of the latter part, fixing the place where suits may be brought by original 'process or proceeding,' section 2 refers."

Without going further into the decisions on this question, I am of opinion that this matter is determined by the Supreme Court of the United States in Davidson v. Railroad Co., 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672. It is but a few words in the concluding portion of the opinion by the Chief Justice, and is as follows:

"Section 2, however, refers to the first part of section 1, by which jurisdiction is conferred, and not to the clause relating to the district in which suit may be brought." Citing McCormick Machine Co. v. Walthers, 134 U. S. 41, 10 Sup. Ct. 485, 33 L. Ed. 833.

In the latter case it was said in the opinion by the Chief Justice, after quoting the latter part of section 1 of the act of 1877:

"The jurisdiction common to all the Circuit Courts of the United States in respect to the subject-matter of the suit, and the character of the parties who might sustain suits in those courts, is described in the section, while the foregoing clause relates to the district in which suit may originally be brought."

It is unnecessary to go further in the discussion of this question. The subject is exhausted in the decisions heretofore rendered. My own opinion is still that expressed some years ago in First National Bank v. Merchants' Bank, supra.

I think the case was removable under the act of Congress. Consequently the motion to remand will be denied.