TIERNEY v. HELVETIA SWISS FIRE INS. CO.

(Circuit Court, E. D. New York. February 6, 1908. On Rehearing, March 4, 1908.)

1. COURTS—JURISDICTION OF FEDERAL COURTS—ACTION BY ASSIGNEE.

A Circuit Court of the United States is without jurisdiction of an action brought by the assignee of a chose in action, even though plaintiff and defendant are citizens of different states, or one is an alien, unless plaintiff's assignor could have maintained his suit in the same jurisdiction.

[Ed. Note.— For cases in point, see Cent. Dig. vol. 13, Courts, §§ 865–874.]

2. REMOVAL OF CAUSES—MOTION TO REMAND—SUBSEQUENT GENERAL APPEARANCE.

After the removal of a cause into a federal court in a district in which the defendant could not originally have been sued in such court, and the filing of a motion to remand, defendant cannot improve his position by entering a general appearance.

3. COURTS—JURISDICTION OF FEDERAL COURT—SUIT AGAINST ALIEN—DISTRICT OF SUIT.

A suit by a citizen of the United States against an alien can only be maintained in a federal court in a district in which valid service can be made on the defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 810.]

4. SAME.

The facts that an alien corporation is authorized to do business in a state, and that under the state law service of process in any suit against such corporation may be made on an officer of the state, do not give a federal court within the state jurisdiction of a suit against such corporation, where it does not appear that service was made, or could have been made, within the district of such court, and the fact that defendant is authorized to do business in the district is not sufficient to authorize service to be made therein, unless it is actually so doing business.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 814.]

On Motion to Remand to State Court, and Motion for Leave to Amend Petition for Removal.

Sullivan & Cromwell (Royall Victor, of counsel), for plaintiff.

Wallace, Butler & Brown (Frederick B. Campbell, of counsel), for defendant.

CHATFIELD, District Judge. The plaintiff herein is the assignee of some 14 judgment creditors, each one of whom was the plaintiff in a separate action against the defendant (a corporation of Switzerland, and therefore an alien) in the Circuit Court of the United States for the Northern District of California; judgments in all of the actions having been entered upon the 24th day of August, 1907, and since that date assigned to the plaintiff. The present action was begun in the Supreme Court of Kings county, in the state of New York, and an order for removal to the Circuit Court of the United States for the Eastern District of New York was made, upon the petition of the defendant (appearing specially for that purpose), on the ground that the action was between a citizen of the United States and an alien, and that the plaintiff resided in the Eastern District of New York. Prior to the removal, and at the institution of the suit, an attachment had been obtained upon certain funds deposited by the defendant in the Central Trust Company of New York, and after the entry of the order of removal a judgment on default was obtained in the state court by the plaintiff, claiming that no jurisdiction existed in the United States Circuit Court, and that therefore the removal proceedings could be treated as of no effect, and as if they had not taken place. This judgment on default has since been vacated, and an appeal from the order vacating the default is pending in the state courts. To further complicate the situation, the defendant, upon ascertaining that his petition for removal should have contained a specific allegation that the causes of action assigned to the plaintiff could originally have been

brought in the United States court, moved in the state court to vacate the order of removal, in order to allow an amendment of his petition, and this motion, as it seems, was properly denied; jurisdiction over the parties, at least, having already passed to this court. The record on removal having, accordingly, been filed in this court, on the 6th day of November, 1907, and the defendant having interposed an answer in this court, upon the 11th day of November, 1907, a motion to remand for lack of jurisdiction was made by the plaintiff, and a motion for leave to amend its petition for removal was made by the defendant. These motions are now before the court.

The defendant claims that the United States Circuit Court for the Northern District of California had jurisdiction of each of the 14 causes of action on which judgment was obtained by the plaintiffs, and that the citizenship of those plaintiffs is apparent from the record, inasmuch as each suit was alleged to have been duly brought in said Circuit Court. The defendant in each case being an alien, and the claim being advanced that suits between aliens are not within the jurisdiction of the United States courts, it is argued that necessarily each plaintiff must have been a citizen of some state of the Union. The papers on removal, as now on file in this court, contain a record also of the application for an amendment to those removal papers made in the state court, and the affidavits upon which an amendment was obtained by the plaintiff contain copies of the original judgments in the Circuit Court of California, as well as the assignments of those judgments to the plaintiff.

The citizenship of the plaintiffs in those actions does not appear in any of the papers, with the exception of that of the Gutta Percha & Rubber Manufacturing Company of New York, a corporation (but there is nothing to show in which district of the state of New York this corporation has its residence), and Mrs. Margaret H. Fuller, to whose assignment is attached a power of attorney reciting that Mrs. Fuller is of the city and county of San Francisco, state of California. These allegations might be sufficient to bring the application for amendment within the doctrine of Kinney v. Columbia Savings, etc., Ass'n, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103, provided jurisdiction of the plaintiff's cause of action could depend upon a showing of jurisdiction in the United States Circuit Court as to some of the plaintiff's assignors; the balance of the assignors being disregarded. Or, if the plaintiff's causes of action are separable, amendment might be allowed as to the two causes of action referred to above, if originally these two causes of action could have been maintained in the United States Circuit Court for this district. But without voluntary appearance, at least, it seems that no one of the plaintiffs could have maintained an action against the defendant in the United States Circuit Court of this district, and, as was said in Utah-Nevada Co. v. De Lamar, 133 Fed. 113, 66 C. C. A. 179, the Circuit Court of the United States cannot retain jurisdiction of an action brought by the assignee of a chose in action, even though the plaintiff is a citizen of another state than the defendant, unless the assignor of the plaintiff could have maintained his suit in the same jurisdiction. To the same effect is Mexican National Railroad Co. v. Davidson, 157 U. S. 201, 15 Sup.

Ct. 563, 39 L. Ed. 672, and Cochran and Fidelity & Deposit Co. v. Montgomery County, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. 182. This doctrine has been well established, and, as was clearly set forth in the case of Minnesota v. Northern Securities Co., 194 U. S. 48, at page 66, 24 Sup. Ct. 598, at page 602, 48 L. Ed. 870, it is the manifest duty of the Circuit Court to dismiss or remand a suit, if at any time, even after the suit has been removed, it shall appear to the satisfaction of said Circuit Court "that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court."

In the case of Galveston, etc., Railway v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248, as well as in Re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211, the provisions of Act March 3, 1887, c. 373, § 1, 24 Stat. 552 (U. S. Comp. St. 1901, p. 514), as amended by Act Aug. 13, 1888 c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), giving the Circuit Court of the United States jurisdiction of suits of a civil nature, involving a matter of over $2,000, in which there shall be a controversy between citizens of a state and foreign states, citizens or subjects were held not to be affected by the subsequent provisions of the same section, which direct that no civil suit shall be brought before either of said courts, against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant, excepting where the jurisdiction is founded only on the fact that the action was between citizens of different states, in which event suit may be brought in the district of the residence of either the plaintiff or the defendant.

A suit by a citizen against an alien may therefore, under the authority of these cases, be brought in any district in which valid service can be made upon the defendant. In re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587, 33 L. Ed. 991. Each of the 14 assignors therefore might have brought suit in a district where the defendant could have been validly served, if that assignor was a citizen of the United States; but such suit could not have been brought in the Eastern district of New York, as no one of the parties plaintiff is shown by the record to have resided in this district, nor is there anything in the record to show that the alien defendant ever was or could have been legally served in this district. The defendant, after the question of the sufficiency of the removal record had been raised by the plaintiff, filed his answer in this court, and the filing of this answer is equivalent to a general appearance; but upon the original application for removal the defendant appeared specially, and it does not seem that the defendant should be allowed to voluntarily improve his position and confer jurisdiction by his own act, subsequent to notice by the plaintiff that an application to remand the case is to be made. This point was passed upon recently by this court in the case of Donovan v. Dixieland Amusement Co. (C. C.) 152 Fed. 661, following the decision in Johnson v. Computing Scale Co. (C. C.) 139 Fed. 339, and the cases therein cited. See, also, Carson v. Dunham, 121 U. S. 421, 427, 7 Sup. Ct. 1030, 30 L. Ed. 992.

If the defendant had appeared generally at the time of the original application for removal, he might be allowed to follow this up by the

filing of an answer, and his answer might have been the source of information as to jurisdictional facts; but, having appeared specially for the purpose of the removal only, it cannot be said that it had waived its rights to attack the service made upon it, or that it had given the United States Circuit Court in this district admitted jurisdiction over the cause of action, until after that jurisdiction had been attacked by the plaintiff.

Further, it seems that if an assignee cannot maintain an action in a United States Circuit Court in which his assignor could not have maintained the same action, under the provisions of Act March 3, 1887, c. 373, § 1, 24 Stat. 552 (U. S. Comp. St. 1901, p. 514), as amended by Act Aug 13, 1888, c. 866, 25 Stat 433 (U. S. Comp. St. 1901, p. 508), the assignee, who is the plaintiff in the present action, can have no standing in the United States Circuit Court for this district, in the absence of any showing by the record that even one of his assignors could maintain jurisdiction against the defendant therein. Further, if the assignors had all been joined as parties plaintiff in this action, it not appearing that they were residents of the same state, but, on the contrary, it now appearing that one at least was a resident of a different state from the others, jurisdiction would not lie in the United States court.

The provisions of the act above quoted, in the portion giving jurisdiction to the Circuit Court of the United States of controversies between citizens of a state and foreign states, could not be held to cover jurisdiction of an action between citizens of different states and a citizen of a foreign state. The language of the portion of the section just referred to should be construed in the same way as the language of the portions immediately preceding, and in the case of Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635, it was held that an action could not be maintained in the United States Circuit Court in which two plaintiffs were joined, one residing in the state of Missouri, and one in the state of Texas. Also, in the case of Galveston, etc., Railway v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248, a suit by a citizen of one state against a citizen of the same state and an alien, was placed in the same category; that is, outside of the jurisdiction of the United States court.

It is well settled that in the case of doubt as to jurisdiction an action removed to the United States court should be remanded (Crane Co. v. Guanica Centrale (C. C.) 132 Fed. 713), and while the confusion and contradictory positions existing in the state court make it apparent that further litigation may follow an order remanding this action, and while it appears that the jurisdiction of the United States Circuit Court for the Northern District of California may be called in question, and may have to be passed upon herein, nevertheless, it is the opinion of this court that the case should be remanded to the Supreme Court of the state of New York, in the county of Kings, which plainly has jurisdiction, and that any federal questions involved in the issues as finally presented must be reserved for an appeal to the Supreme Court of the United States from the decision of the highest court of the state of New York.

This determination makes it unnecessary to consider whether suits between aliens can be maintained in the United States courts, or whether the statement that a suit was "duly" pending in the United States Circuit court for the Northern District of California is an allegation with reference to the citizenship of the plaintiff in that action. It need only be said that an inference of this character should not be relied upon for the purpose of retaining jurisdiction of the case.

The motion to remand will be granted, and the motion to amend will be denied.

## On Rehearing.

The defendant corporation has asked for a reconsideration of the motion to remand, and has suggested three separate points with respect to which the opinion heretofore made by this court did not contain citations of all of the reported cases. It is urged that as to these points there is further room for argument. On this account, it has seemed best to refer specifically to the cases to which attention is directed, and to restate the questions referred to. These general propositions come up so frequently in connection with other questions, but so infrequently as the main point in any one case, that no one decision (when considered as to these questions alone) completely comprises all phases of the questions suggested as to removal and remand.

The first question raised is with reference to the finding of this court that nothing was shown in the removal record from which it could be inferred that the defendant was found, or could be found, for the purposes of service, within the jurisdiction of the Circuit Court of the Eastern District of New York. The defendant cites the case of Barrow Steamship Co. v. Kane, 170 U. S. 100, 112, 18 Sup. Ct. 526, 42 L. Ed. 964, to prove that an alien person or corporation can be sued, in an action by a citizen of the United States, in the Circuit Court of any district within which any valid service can be procured upon the defendant. This proposition should not be disputed, and valid service means such service as the United States courts will recognize, namely, service in a district within which the defendant is doing business and has some officer upon whom process can be served (who is there other than casually). But admitting this to be true, and recognizing that the language of Act March 3, 1887, c. 373, § 1, 24 Stat. 552 (U. S. Comp. St. 1901, p. 514), as corrected by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), "but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant," does not apply to an action by a citizen against an alien, nevertheless, the further provision of the statute that "no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant," when considered in the light of the subsequent clause limiting the bringing of actions by an assignee of a chose in action, fully justifies, it seems to this court, the conclusion formerly reached that

the service must be tested to see if that service was actually made within the district, upon the proper representative of a foreign corporation doing business therein, and also to see whether this district could have had original jurisdiction of the action itself.

These points were thoroughly considered upon the former determination of this motion. The service in the case at bar was made upon the superintendent of insurance of the state of New York, under a state law, by which his authority as the representative of a foreign corporation extends over the entire state; but it does not follow from this that the summons and complaint herein were served in the Eastern District of New York. On the contrary, the court can take judicial notice of the fact that the superintendent of insurance maintains his office at the capitol of the state, and in the Southern District of New York, and must be personally served in those districts if such service is relied upon in the federal court. Further, there is certainly nothing in the papers to show that the defendant corporation was doing any business in the Eastern district, and a constructive permissive right to do business is hardly of such a sort as would serve for an excuse upon which to found the jurisdiction of the Circuit Court of the United States, in a case like the one at bar, where doubt as to the entire service exists.

The second point urged by the defendant is that this court was wrong in suggesting that the last clause of section 1 of the act above referred to, forbidding the removal of a case in which an assignee of a chose in action is plaintiff, unless such suit could have been maintained by the original assignor in the district to the Circuit Court of which removal is asked, can apply to a suit against an alien corporation. The learned counsel has called the attention of the court to a long line of decisions, viz.: Manufacturers' Commercial Co. v. Brown Alaska Co. (C. C.) 148 Fed. 308; Iowa Lillooet Gold Mining Co., Limited, v. Bliss (C. C.) 144 Fed. 446; Rome Petroleum & Iron Co. v. Hughes Specialty Well Drilling Co. (C. C.) 130 Fed. 585; Duncan v. Associated Press (C. C.) 81 Fed. 417; Wilson v. W. U. Tel. Co. (C. C.) 34 Fed. 561; Cowell v. City Water-Supply Co. (C. C.) 96 Fed. 769; Whitworth v. Illinois Central Railroad Co. (C. C.) 107 Fed. 557; Kansas Co. v. Interstate Co. (C. C.) 37 Fed. 3; Fales, Adm'x, v. Chicago, M. & St. P. Ry. Co. (C. C.) 32 Fed. 673; Gavin v. Vance (C. C.) 33 Fed. 84; First Nat. Bank v. Merchants' Bank et al. (C. C.) 37 Fed. 657, 2 L. R. A. 469; Burck v. Taylor (C. C.) 39 Fed. 581; Davidson v. Mexican Nat. R. R. Co., 157 U. S. 201, 208, 15 Sup. Ct. 563, 39 L. Ed. 672; McCormick Harvesting Mach. Co. v. Walthers, 134 U. S. 41, 10 Sup. Ct. 485, 33 L. Ed. 833; Dillon on. Removal of Causes, § 96; Creagh v. Equitable Life Assur. Soc. (C. C.) 83 Fed. 849; Memphis Sav. Bank v. Houchens, 115 Fed. 96, 52 C. C. A. 176; Pepper v. Rogers (C. C.) 128 Fed. 987; Ex parte Schollenberger, 96 U. S. 378, 24 L. Ed. 853. And especially to the case of Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, by which, after much conflict, the construction placed by this court upon both parts of the statute was ultimately determined to be the law, so far as suits between citizens of the United States are concerned. These cases need not be reviewed at length. The case of Ex

parte Wisner, supra, was considered by this court upon the former motion; but, because of the extensive conflict of ideas, citation of a great number of cases was purposely avoided, and the principle was applied to the present suit against an alien, in the belief that if, under the statute above quoted, a suit on a chose in action cannot be maintained by an assignee, unless it could have been maintained originally by the assignor, no distinction should be made because of the citizenship or foreign residence of the defendant. A discussion as to whether all of the terms of the acts of 1875 and 1887, above quoted, are applicable to suits against aliens, does not affect the principles set forth in the Wisner Suit, which apply to one class equally as to the other.

A third point which is again called to the attention of the court is with relation to the doubt expressed by this court as to the extension of the phrase, "a controversy between citizens of a state or foreign states, citizens or subjects," to the case of the joinder of causes of action possessed by citizens of different states, against the subject of some foreign state. It is needless to say that this motion was not determined upon this point alone, nor does the point seem to have been settled. In the case of Sweeney v. Carter Oil Co., 199 U. S. 252, 26 Sup. Ct. 55, 50 L. Ed. 178, the words "citizens of different states" were held to cover a suit between citizens of several states of the United States, and a citizen of the state in which the action was brought, which was not a state in which any of the plaintiffs resided. See, also, Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635, for a further recognition of the same principle.

In the case of Ballin et al. v. Lehr et al. (C. C.) 24 Fed. 193, a joint cause of action by a citizen of New York and a citizen of New Jersey against a citizen of Maryland and a subject of Prussia was removed to the United States Circuit Court, upon the ground that suits are removable in which "there is a controversy between citizens of different states, or between citizens of a state and foreign citizens or subjects." The only question considered was whether any two of the parties upon opposite sides of that suit were citizens of the same state. There was no assignment nor joinder of separate suits involved.

In the opinion heretofore filed this question was stated broadly and in such a manner as to apparently conflict with the decision in Sweeney v. Carter Oil Co., supra. It was not intended in the former opinion to determine more than that 14 different persons, having respectively 14 separate causes of action, and being citizens of at least two different states, could not bring one suit against an alien, on the sole ground that he could be served with process. The opinion as filed seemed to decide that a joint cause of action against an alien, by the several owners thereof, if residents of different states, could not be maintained in the district where the alien could properly be served. The cases cited show the doubtfulness of the statement heretofore made.

It might be urged that, in order to avoid multiplicity of suits, a joinder would be advantageous, but can it be contended that inhabitants of different states, each having entered into a contract with the subject of some foreign government, and each contract having been

made within a different state of the United States, and therefore subject to different laws, could unite in one suit, because the defendant was an alien, and could be served in the district in which that suit was brought? If such joinder would be impossible, other than by motion, there would seem to be some doubt about the jurisdiction of an action, in which the 14 separate suits were joined under the guise of an assignment to one person, with the idea that that one person could obtain service upon the defendant. The spirit of the statute, "nor shall any Circuit or District Court have cognizance of any suit, * * * unless such suit might have been prosecuted * * * if no assignment * * * had been made," would seem to apply to a suit brought by the assignee of the 14 separate actions, even though the letter of the statute might be considered to apply separately to each of the 14 component parts of the assigned causes of action, with the idea of judging each by itself.

Following this latter idea, let us look at the situation involved in this motion: The plaintiff is the assignee of 14 people, each one of whom is alleged to have had a separate cause of action or right to bring suit against the defendant. It appears that one of these assignors resided in California, and that another is a corporation of the state of New York; but, disregarding the residence of the assignors, and assuming that they have assigned to the plaintiff, and that the plaintiff has brought suit against the defendant on all of the assignments, in the county of Kings and in the Supreme Court of New York, what rights did the defendant have before answering? He could have answered in the state court. If the jurisdictional facts of diversity of citizenship appeared upon the record, he could appear specially and remove into the United States court, and when there he could have moved to set aside the service of the summons, and for a dismissal of the action, upon the grounds which have been previously considered in this opinion; that is, that the summons and complaint had not been properly served in the district in which the Circuit Court was located, to which the action had been removed. If this course had been taken, a motion to remand by the plaintiff might not save the action if the service were defective; but the defendant did not pursue this course, nor attempt to set aside the service. He moved to remove the case, under the sections previously cited, into the United States court for this district, which is the district in which the Supreme Court for the county of Kings is located, and which is therefore the proper district for removal proceedings. He then proceeded to enter a general waiver of questions as to jurisdiction by filing a general answer in this court, but he did not do this until after the motion to remand had been made.

The defendant has taken the position that he wishes to try the action upon the merits in this court, and that he has attempted to waive any right to have the case brought in any other district before any other Circuit Court of the United States. His position has certainly had the effect of estopping him from now setting up any defect in the service for the purpose of asking that the service be set aside; and yet where it is apparent that the court has not jurisdiction, and where the waiver of jurisdiction did not occur until after the motion to remand

had been made, it would seem that the alternative provided by section 6 of the statute above recited, to the effect that, when it shall appear to the satisfaction of the Circuit Court that such suit does not involve a dispute properly within the jurisdiction of said Circuit Court, the said Circuit Court shall proceed no further therein, "but shall dismiss the suit or remand it to the court from which it was removed, as justice may require," is the only remedy left open to the court.

The service by which this suit was brought (if such a suit is possible) does not seem to the court to have been sufficient to maintain an action in the Circuit Court of the United States for this district.

The motion to remand was made at a time when this defect appeared upon the record, and before any waiver of that defect, and in so far as there is any question as to the sufficiency of the service, or as to the maintenance of an action of this nature by the assignee of such a number of causes of action, it would seem that the proper course to pursue is to adhere to the original decision and remand the case to the Supreme Court of New York for the County of Kings, which apparently has acquired jurisdiction therein.